[No. 8348.]

## SHINN v. THE PEOPLE EX REL.

1. CIVIL SERVICE LAW—*Construction.* The civil service act is to be liberally construed, to enforce its ostensible purpose, which is to promote the efficiency of the civil service, by employing only persons, who, by examination, have shown qualification for positions therein. (513.)

2. —— *Construed.* Under sec. 10 of the Civil Service Act of 1907 (Law 1907, c. 117), as amended by the initiated act of January 22nd, 1913, one appointed in 1911 to the office of state game and fish commissioner, and who had declined to submit to an examination held by the civil service commission in December, 1913, was not entitled to retain the office, as against one who, having passed the examination, had been appointed thereto and qualified therein. (512, 513.)

*Error to Denver District Court.* Hon. JOHN H. DENISON, Judge.

Messrs. BRYANT, NYE & MALBURN, Mr. JOHN A. EWING, Mr. A. T. MONSON and Mr. FRAZER ARNOLD, for plaintiff in error.

Mr. JOHN A. RUSH, District Attorney, Mr. JOHN BARNETT, Mr. JOHN CAMPBELL, and Mr. FRANK MCLAUGHLIN, for The People.

BAILEY, J., delivered the opinion of the court.

On May 3rd, 1911, the Governor appointed James A. Shinn to be State Game and Fish Commissioner, for a term of two years, and he continued uninterruptedly to hold and exercise the duties of his office for that period, and thereafter held over, abiding the qualification of a lawful successor, under section 1 of article XII of the Constitution, which reads:

"Every person holding any civil office under the state or any municipality therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified; * * *"

In March, 1907, the General Assembly passed a law in relation to civil service in state institutions and municipalities. Section 10 of that act reads as follows:

"Sec. 10. Except as specified in section 11, the classified service under this act shall include all employes of the civil service commission, and all appointive officers and employes in state institutions, and in cities of the first and second class, whether organized under general law or special charter, whenever any such cities shall adopt this act as hereinafter provided. The City and County of Denver and any city organized under article XX of the Constitution may avail itself of the provisions of this act.

All persons occupying positions in the classified service

when this act takes effect shall retain their positions until removed therefrom under its provisions."

At the time of the appointment of Shinn neither the office of Game and Fish Commissioner, nor any position in that department, was in the classified service. At the election of 1912, by an initiated act which went into effect January 22nd, 1913, the civil service law adopted in 1907 was amended, and section 10 thereof was made to read in part as follows:

"Sec. 10. All appointive officers and employees in the Civil Service of the State and of all State Institutions shall be included in the classified service, except" etc.

From section 10 as amended the provision "All persons occupying positions in the classified service when this act takes effect shall retain their positions until removed therefrom under it provisions" was omitted.

In this case there is no dispute but that the term of Shinn under his appointment had expired. It is admitted that he was holding as a *de facto* officer under section 1 of article XII, *supra,* until his successor should be qualified. The civil service acts of 1907 and 1912 were the guides for persons who desired to bring themselves within their provisions. They required those seeking positions in the civil service of the state to submit to an open, competitive examination, the passing of which with a grade above seventy per cent entitled them to be placed on an eligible list, from which persons to fill positions in the public service were to be chosen. At the time this law became effective the state had in its employ a number of persons, including Shinn, who had been appointed for fixed terms. On December 23rd, 1913, an open, competitive examination was held by the Civil Service Commission to create an eligible list from which the Governor could name a successor to Shinn, who declined to take the examination, and did not in any way attempt to comply with the requirements of the civil service law in this respect. Fraser, the claimant to the office, was examined

with others, and passed with the highest grade. On January 26th, 1914, the Governor made a requisition on the Civil Service Commission, and Fraser was certified as a proper person for appointment to the office. On January 27th, 1914, he was appointed and presently thereafter duly qualified. After qualification he made demand on Shinn for possession of the office, which was refused, and thereupon filed in the District Court of Denver, through the District Attorney, this action in *quo warranto* to try title to the office. Upon trial Fraser was declared to be entitled to the office, and was placed therein under judgment and decree of the District Court, which this court declined to supersede. Shinn prosecutes this writ of error to the judgment and order of the District Court in favor of Fraser.

It is contended by counsel that by virtue of the provisions of section 10 of the initiated bill, which reads: "All appointive officers and employees in the civil service of the state and of all state institutions shall be included in the classified service," Shinn was put in the classified service, and that he could not be removed except under section 16 of the act, which provides that discharges from the classified service or reduction in grade and compensation, or both, may only be made for cause, after notice and hearing.

This contention calls for a construction of that portion of, amended section 10, upon which Shinn relies to retain office. By the statute of 1907, in practically the same language as is used in amended section 10, it was declared that:

"The classified service under this act shall include all employes of the civil service commission, and all appointive officers and employes in State Institutions," etc.

This provision is as broad in its significance, so far as it affects appointive officers and employees who were then brought into the classified service, as is amended section 10, which merely extends and enlarges that list. The legislature deemed it necessary, in order to make section 10, as orig-

inally enacted, apply to persons occupying positions then brought into the classified service, to thus provide:

"All persons occupying positions in the classified service when this act takes effect shall retain their positions until removed therefrom under its provisions."

This provision was omitted from the act of 1912, which is a clear legislative declaration that it was not the intent of the people, by the initiated act, to have it apply to persons occupying positions in the classified service who had not qualified by taking the required examination. The omission of this paragraph negatives the contention of counsel for Shinn that by the provision in question he personally was placed in the classified service. The manifest intention of the people, in view of all the provisions of the civil service law, was to make the provision of amended section 10 apply to appointive offices and to the positions to be filled, rather than to persons. The scope of the application of this law is to be gathered from all of its provisions which must be considered together to correctly ascertain its meaning. It should be liberally construed to enforce its ostensible object, which is to promote the efficiency of the civil service by employing persons only who have shown, by proper examination, qualifications for positions therein, and not to put in, or keep in the service, persons who have not so qualified. Thus considered and thus construed, Shinn was never in the classified service. The application of the law extends only to those who have taken an examination, and thereby showed the necessary qualifications, and to those who should do so in the future. Shinn is in neither of these classes, and manifestly, therefore, was neither under, nor entitled to the protection of, the civil service law. To hold otherwise would be contrary to the spirit of the act, and would nullify its primary purpose, rendering it ineffectual to accomplish the object sought by its passage.

*Judgment affirmed.*

GABBERT, C. J., and WHITE, J., concur.