## No. 8826.

### SOWERS v. PITCHER ET AL.

CIVIL SERVICE—*Charter of Denver Construed.* Sec. 292 of the Amendment of February 14, 1913, to the Charter of Denver provides that the classified service shall include "all offices, etc., appointed or serving under the authority of the City and County". In view of other provisions of the Charter requiring an examination as a preliminary to admission to the civil service, it was held that the Charter provision in question referred to the office and position to be filled, rather than to the persons occupying such positions; that one who prior to the adoption of the amendment, had been, and then was, employed in one of the offices of the City, was not, by the amendment, automatically placed in the civil service; and having entered that service by an examination, and taken a position as probationary appointee, she might at the expiration of the probationary period be lawfully dismissed.

*Error to Denver District Court, Hon. Charles C. Butler,*

*Judge.*

Mr. WILLIAM W. GRANT, JR. and Mr. FRANK McLAUGHLIN, for plaintiff in error.

Mr. JAMES A. MARSH and Mr. JACOB J. LIEBERMAN, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THE question to be settled is whether plaintiff automatically was brought into the classified service of the City and County of Denver for the reason that, since 1909 she had continuously been employed in the office of the Treasurer, and was so employed in February, 1913, when section 292 of the charter was amended, bringing that department within the civil service. Plaintiff in error, plaintiff below, was discharged from the service on August 8, 1914, by defendant in error, defendant below, Commissioner of Finance and Ex-Officio Treasurer of the City and County. Plaintiff sued out an alternative writ of mandamus to compel payment of the remainder of her salary for August, 1914. Judgment was rendered for defendant, and the case comes here for review on error.

It is agreed that unless plaintiff was brought within the classified service by the charter amendment of February 14, 1913, section 292, she is not entitled to the benefits of section 304 of the charter, governing the manner of discharge. It is also admitted that if she was not automatically placed under civil service by that section, then she came into such service only by taking and passing an examination, and by working as a probationary appointee for the six months prior to her discharge, and that then defendant could, and did, exercise a lawful discretion in dismissing her at the expiration of the probationary period.

This case is ruled by *Shinn v. People,* 59 Colo. 509, 149 Pac. 623, where, in construing sec. 10 of the Civil Service law of 1907, as amended by an initiated act in 1912 to read as follows:

"All appointive officers and employes in the civil service of the state and of all state institutions shall be included in the classified service  *  *  *" The court said:

"The legislature deemed it necessary, in order to make section 10, as originally enacted, apply to persons occupying positions then brought into the classified service, to thus pro-

vide: 'All persons occupying positions in the classified service when this act takes effect shall retain their positions until removed therefrom under its provisions.' This provision was omitted from the act of 1912, which is a clear legislative declaration that it was not the intent of the people, by the initiated act, to have it apply to persons who had not qualified by taking the required examination. The omission of the paragraph negatives the contention of counsel for Shinn that by the provision in question he personally was placed in the classified service. The manifest intention of the people, in view of all the provisions of the civil service law, was to make the provisions of amended section 10 apply to appointive offices and to positions to be filled, rather than to persons. The scope of the application of this law is to be gathered from all its provisions, which must be considered together to correctly ascertain its meaning. It should be liberally construed to enforce its ostensible object, which is to promote the efficiency of the civil service by employing persons only who have shown, by proper examination, qualifications for positions therein, and not to put in or keep in the service persons who have not so qualified. Thus considered and thus construed Shinn was never in the classified service. The application of the law extends only to those who have taken an examination, and thereby shown the necessary qualifications, and to those who should do so in the future."

Plaintiff invokes section 292, of the Charter, to demonstrate that, by its provisions, she automatically came within the scope of the civil service act. That section, so far as it bears on this controversy, is as follows:

"The classified service, under this article, shall include all offices, positions and employments elected, appointed or serving under the authority in any way of the City and County, except the following: Each Commissioner and all his elective officers, and   *   *   *   the attorney and his professional assistants, all other heads of  *   *   *   departments  *   *   *   all Commissioners  *   *   *   *pro-vided* the police and chief of the fire department, with their

subordinates, shall not be classified as heads of departments, but shall be in the classified service."

In *Shinn v. People, supra,* it was held that section 10 of the amended Civil Service law referred to the offices, and to the positions to be filled, rather than to the persons then occupying the offices. This conclusion is equally applicable to the like provision contained in section 292 of the Charter. The scope of the application of the law is to be gathered from the act as a whole. It provides for examinations, as a preliminary to entering the classified service, and this applies to all seeking positions with the municipality under the act, whether already holding a place or not, since the act itself does not specifically provide that those already having employment with the city should hold over, and be in the classified service. The intent to place the position, and not the individual filling it, at the time of the adoption of the Charter amendment, under civil service regulations, is more clearly apparent from the language of section 292, *supra,* than it was from the section of the statute construed in *Shinn v. People, supra.* The precise situation is presented here, in principle, which was present in the Shinn case and we conclude, upon that authority, that plaintiff was not automatically placed within the classified service by the passage of section 292. That provision affected only the "offices, positions and employments" and not the then incumbents. Plaintiff came within the classified service only when she took and passed the civil service examination, and accepted employment thereunder, as a probationary appointee. Her subsequent discharge, within the six months' probationary period, was, by express charter provision, within the discretion of defendant, and was therefore lawful. The judgment of the lower court must be **affirmed.**

Judgment affirmed.

Decision *en banc.*

Decided March 5, A. D. 1917. Rehearing denied June 4, A. D. 1917.