# Cases Argued and Determined

In

# The Supreme Court of the State of Colorado

## At January Term, A. D. 1919

---

No. 9208.

NISBET *v.* FRINCKE.

1. DENVER—*Civil Service—Period of Probation.* · Under the charter of Denver and the rules of the Civil Service Commission an appointment to a municipal office within the civil service is probationary for the space of six months and no longer. After the expiration of six months from appointment the officer can be removed only after complaint, due notice, and hearing.

It is the appointment, and not the approval thereof by the Civil Service Commission, which fixes the commencement of the probationary period.

2. MANDAMUS—*When Allowed.* The Civil Service Commission in executing the command of the statute act in a ministerial capacity. An officer unlawfully removed may be restored by mandamus.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

Mr. JANES A. MARSH, and Mr. JACOB J. LIEBERMAN, for plaintiffs in error.

Mr. WM. W. GRANT, JR., for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS is an action in mandamus to restore the defendant in error to her official position as matron of the city jail of the City and County of Denver, from which position it is alleged she was unlawfully discharged by Alexander Nisbet, then acting as Commissioner of Safety for the said city and county.

Upon the hearing the alternative writ was made peremptory, and judgment entered that the discharge of petitioner be set aside, and that she be restored to hold and exercise and enjoy the position of matron of the said jail, and perform all the duties thereof.

The finding and judgment is before us for review.

The material facts do not appear to be in dispute and in brief are as follows: On June 3, 1912, petitioner was regularly appointed as matron of the city jail by the then mayor of the city and county, and performed the duties of that position until the day of her discharge by the commissioner. That prior to her appointment in 1912, and in the year 1905, she took the civil service examination and was placed on the eligible list for appointment to such position, and was and remained on such list, at the time of her discharge, August 14th, 1913. That after her said appointment, and on September 25th, 1912, petitioner upon request of the secretary of the Civil Service Commission took another examination before that body, and passed her examination, ranking highest among those who participated in the examination.

On August 4th, 1913, the petitioner was arbitrarily discharged by the Commissioner of Safety. It is alleged that this discharge is a violation of the provisions of the city charter and an abuse of the power upon the part of the Commissioner of Safety, and the Fire and Police Board of the said city and county in that such discharge was not based on written specifications by said Commissioner of Safety, or by said Fire and Police Board, or by any other person authorized to do so, as required by the charter of

the city; and that no notice of said discharge, and no allowance of any time, reasonable or otherwise, for answering the same was ever allowed by the commissioner, or the board, as provided by the city charter.

That the petitioner, as provided by the rules of the Civil Service Commission, and within five days after her discharge filed with the Civil Service Commission an appeal or petition for review of such discharge, supported by proper affidavits, and that in violation of its own rules, the Civil Service Commission dismissed said appeal.

If we correctly understand the matter, the city charter and the rules of the Civil Service Commission, provide that in case of an appointment, of the character here involved, selected from the eligible list, such appointment is and remains probationary for a period of six months from the date of such appointment, and the appointee may be discharged within that time by the appointing power at its pleasure.  But at the expiration of such period of probation, the appointee automatically passes to the classified civil service, and may thereafter be removed only upon a written charge, and after due notice and a hearing upon complaint.

The contentions of the petitioner are, (a) that she was selected from the eligible list and appointed to the position on June 3d, 1912, and remained continuously in the same service until August 4th, 1913, long after the expiration of her probationary appointment, and (b) that she again took the civil service examination on September 25th, 1912, and was again placed on the eligible list, and thereafter and on the 1st day of January, 1913, appointed to the same position and performed the duties of such position until her arbitrary discharge on August 4, 1913.  That therefore she had under this second appointment served without complaint the full term of the probationary period and was by operation of law in the classified civil service and entitled to a hearing and to be protected from discharge except upon due cause shown.

The contentions of the plaintiff in error as we understand it are, that the petitioner by taking the second examination waived her rights under the first appointment, and that she was given her second appointment on February 4, 1913, and was discharged on the 4th day of August, 1913, or six months to the exact day from the date of her second appointment and for such reason was still within the probationary period, and not entitled to notice and a hearing.

Neither of these contentions can be sustained. There is no testimony in the record to show the second probationary appointment was made at any date later than January 1st, 1913.

It appears from the testimony that the petitioner took her second civil service examination in September, 1912, but that there is nothing contained in the official records concerning the matter thereafter until the following:

"Office of Fire and Police Board,
Denver, Colo., Jan. 31, 1913.

Hon. Civil Service Commission,

Building.

Dear Sirs:

This board requests from your honorable body the certification of Mrs. Augusta J. Frincke as police matron.

Respectfully,

J. S. Luddy, Sec."

This is followed by a letter as follows:

"Feb. 5, 1913.

Hon. Fire and Police Board,

Building.

Gentlemen:

Replying to your letter of Jan. 31st, requesting the certification of Mrs. Augusta J. Frincke as police matron: In compliance with the rules governing this body, requiring a submission of the three highest names on the eligible list we herewith submit two names (which exhausts our list), as follows: Mrs. Augusta J. Frincke, who passed with an average of 93 5/10 and Mrs. Louise M. Tyler, whose average is 86 7/10.

Very truly yours,

Lillian Hartman Johnson, Sec."

Then follows the approval of the Civil Service Commission in the following letter:

"Feb. 8th, 1913.

Hon. Fire and Police Board,

Hon. James F. Markey, Auditor,

Building.

Gentlemen:

This is to inform you that the action of the Honorable Fire and Police Board, appointing Augusta J. Frincke probationary matron, was approved by the Civil Service Commission at its meeting of even date.

Very truly,

Lillian Hartman Johnson, Sec."

Under the law it is the date of the appointment by the Fire and Police Board, and not the date of approval by the

Civil Service Commission, that governs the commencement of the probationary period.

The petitioner to sustain her contention introduced the following official notice of her appointment, which appears without date:

"Office of Fire and Police Board, Denver, Colo.

A. A. Blakely, Pres.,
James S. Luddy, Sec.
Mrs. Augusta Frincke,
    City Hall, City.

Sir:

We have the pleasure to advise that, effective as of January 1st, 1913, you were by us this day appointed as probationary matron in the classified service of the City and County of Denver. You will at once report to the chief of the police department for instructions.

Respectfully,

(Signed) Fire and Police Board,

By J. S. Luddy, Sec."

It will be noticed that neither the records of the Fire and Police Boards nor the Civil Service Commission, discloses the day on which the approval of petitioner's examination was made or entered. That notwithstanding the examination was had on September 25th, 1912, the records disclose nothing further in the premises other than above stated, until the demand by the police board for her specific certification on January 31st, 1913.

James S. Luddy, who was secretary of the fire and police board during all of that period, testified that after the examination and prior to the certification of eligibility, Mrs. Frincke was persistently trying to get such certification, as she wanted her definite appointment; that Mrs. Johnson, the secretary of the commission told him about the middle of October, 1912, that she was trying to get such certification, and advised him of the rating Mrs.

Frincke had received upon her examination, and that the fire and police board said to him that they were willing to appoint her if they could get the certification, and finally did appoint her on January 1, 1913.

It will be seen also, that the official notice of the fire and police board to the petitioner, discloses such appointment to be effective as of date of January 1st, 1913.

This date must then control and govern as to the date of her appointment.

Then by the terms of the charter and by the rules of the Civil Service Commission, the petitioner had held her position for more than six months from the date of her last probation appointment and before the time of her discharge, August 14, 1913, and for such reason she was no longer on probation, but was in the classified service and entitled to the protection guaranteed by the charter and the rules of the Civil Service Commission.

It is not necessary to discuss therefore, her rights under her first appointment, June 3, 1912, from the then eligible list of the Civil Service Commission.

It is however, strenuously argued that mandamus is not the proper remedy, and that the proceeding should have been by certiorari. Under our civil code, certiorari is an extraordinary legal remedy. It lies where a tribunal exercising judicial functions exceeds its jurisdiction or greatly abuses its discretion. Section 331, Stat. 1908.

The official acts of a Civil Service Commission in executing the commands of the statute are not judicial, in the technical sense; they are executive and ministerial in their nature, and, therefore are to be reached, when they actually become the subject of judicial inquiry by way of mandamus. 5 R. C. L. 617.

It was formerly held that the acts of such a commission were in their nature judicial. But this view has been generally repudiated. *People v. McWilliams*, 185 N. Y. 92, 77 N. E. 785; *Simons v. McGuire*, 204 N. Y. 253, 27 N. E. 526. The writ of mandamus has been used for the specific pur-

pose of reinstatement. *People v. Brady*, 262 Ill. 580, and by this court in *Sowers v. Pitcher*, 165 Pac. (Colo.) 253.

The judgment is affirmed.

*En banc.*

Denison, J., not participating.