## No. 9161.

### THE PEOPLE *v.* CHEW.

1. CIVIL SERVICE—*Statute Construed.*   Chapter 125 of the Acts of 1903.    (Rev. Stat. 3337-3341) is repealed by the Civil Service Act (Laws of 1915, c. 51, Sec. 11.)

The office of Division Engineer is in the classified service.

2. *Certification—Number of Eligibles.*   Where there is but one candidate in the list he alone may be certified and lawfully appointed, notwithstanding the provisions of Section 15 of the Act of 1915.

3. *Examination.*   The examination required by Rev. Stat., Secs. 3337-3341 was competitive within the meaning of Sec. 26 of Chapter 51 of the Acts of 1915.

4. *Protection of Civil Service.*   The phrase "Protection of the Civil Service" in Sec. 26 of c. 51 of the Acts of 1915 imports the Civil Service Law in force next before the passage of that enactment.

An officer appointed for a definite term which had expired, is not by anything contained in this chapter entitled to retain his position.

*Error to Pueblo District Court, Hon. J. E. Rizer, Judge.*

*En banc.*

Mr. W. O. PETERSON, for plaintiff in error.

Mr. JOHN H. VOORHEES, Mr. THOMAS J. DIXON, Mr. N. WALTER DIXON, for defendant in error.

Opinion by Mr. Justice Denison.

THE respondent, Chew, was appointed Division Engineer of Water Division No. 2, on May 6th, 1911, for a term of four years; his term expired May 6th, 1915, but by section 1 of article XII of the State Constitution he was entitled to hold until his successor was appointed and qualified, and he continued in office accordingly.

May 22nd, 1916, at an examination under the civil service act of 1915, Beach, the relator, was the only candidate. He passed, was certified by the Civil Service Commission to the Governor, and was appointed, but respondent refused him possession. He thereupon brought this action of *quowarranto*. A demurrer to the complaint was sustained, the relator stood by his complaint and is here on error.

1. The respondent claims that the act under which he was appointed R. S. 1908, secs. 3337-3341 as amended in 1911, p. 469, is a special act, and therefore is not impliedly repealed by the terms of the civil service act, and that therefore the office of Division Engineer is not within the terms of the latter act.

That act says (sec. 11) "All appointive officers  *  *  * of the Civil Service of the State and of all State departments and institutions  *  *  * shall be included in the classified service."

The office of Division Engineer is an appointive office and is therefore in the classified service. The language is too plain to admit the supposition that the legislature did not have Division Engineers in mind when they passed the act.

The act under which the respondent was appointed was no more special than the State Reformatory Act, yet this court in *People v. Capp*, 61 Colo. 396, held that the office of Warden of the reformatory was within the lines of the Civil Service Act of 1912, (S. L. 1913, p. 682) which were identical with those above quoted.

2. Respondent claims that the relator himself has not complied with the Civil Service Law of 1915, in that his name alone was certified by the Civil Service Commission to the Governor and not three names as required by section 15 of the Act of 1915. The relator, however, was the only candidate and his the only name on the list at the time it was certified. We do not consider it a reasonable construction of the Act to say that no certification or appointment could be made in case less than three eligibles were on the Commission's books.

3. Respondent claims that he is protected in his position by the proviso of Section 26 of the Act of 1915:

"that nothing in this act shall be construed to remove from the protection of the civil service any officer or employee in the service of the state at the time this act shall become effective and who shall have been previously appointed to his present position as a result of a competitive examination."

The respondent says he was appointed under R. S. 3337-3341, above referred to, that those sections provide for a competitive examination and that therefore he cannot be removed except for cause.

R. S. Section 3337-3341 provide for an examination by the State Engineer of candidates for Division Engineer. All who pass at 70 per cent or over are qualified and must be certified to the Governor for appointment *with their ratings*. The Governor is not controlled by the ratings but may appoint any one from the certified names.

Is this a competitive examination? To compete is defined by Webster as "to contend emulously, to strive for the position—for which another is striving, to contend in rivalry."

Certainly the candidates before the State Engineer were striving for the same position and were taking the examination for that purpose, and, since their ratings are to go to the Governor, they are contending in rivalry to see who will get the highest rating, for such must be regarded as of more or less value before the Governor.

The respondent is therefore entitled to the benefit of the proviso of Section 26. That is, that act does not "remove" the respondent "from the protection of the civil service."

This necessitates the inquiry what "protection" he had from "the civil service." "Civil service" here must mean the civil service law in force immediately before the passage of the Act of 1915, because from the protection of nothing else could an officer be removed, and this was the Act of 1907 (S. L. 1907, p. 262), as amended by the iniated act of 1912. (S. L. 1913, p. 682.)

We do not find any protection for the respondent in the civil service law of 1907, and if there were any, it is taken away by the law of 1912.

*Shinn v. People,* 59 Colo. 509, 149 Pac. 623.

It is obvious that no one can be removed from protection but he who is under protection, and therefore the proviso of Section 26 cannot apply to respondent. The intent of the proviso was, of course, to protect those who had entered the classified service under the laws of 1907 and 1912.

Respondent's difficulty is that while the office is in the classified service, he was not so appointed, but, like Shinn, in the case cited, was appointed for a definite term which has expired. His successor was rightfully appointed and was entitled to the office. The judgment should be reversed.

*Reversed.*

Mr. Justice Teller dissents.

Decided March 3, A. D. 1919. Rehearing denied April 7, A. D. 1919.