## No. 10,321.

## WILSON *v.* PEOPLE, ex rel. COCHRANE.

### Decided June 5, 1922.

Action in quo warranto to test the right to the office of insurance commissioner. Judgment for relator.

### *Affirmed.*

1., CIVIL SERVICE—*Commissioner of Insurance.* The commissioner of insurance is a state officer, he is not appointed to perform judicial functions, and is within the classified civil service.

2.   *Provisional Appointments—Removal.* A provisional employe in the service of the state, who has not been appointed according to merit and fitness as ascertained by competitive examination, is not "in the classified service", and is not entitled to a hearing before removal.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. FRANK C. WEST, Mr. NORTON MONTGOMERY, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES ROACH, deputy, Mr. BENTLEY MCMULLIN, assistant, Mr. JOHN CAMPBELL, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in *quo warranto* instituted in the district court of the City and County of Denver by the Attorney General, at the request of the Governor, in the name of the people and on the relation of Jackson Cochrane, against Earl Wilson. The subject matter of the action is the title to the office of commissioner of insurance. A judgment was entered for relator, adjudging him to be entitled to the office, and ousting the defendant from the office. The latter brings the cause here for review.

There is no dispute as to such facts as are necessary to dispose of the one ultimate question presented for our determination, namely: Does the defendant, Earl Wilson, have title to the office of commissioner of insurance?

A preliminary question is whether the *office* of commissioner of insurance is within "the classified civil service of the state," within the meaning of the civil service amendment to the state constitution (Section 13, Article XII). It is contended that the answer should be in the negative for the reason that the commissioner of insurance is a person "appointed to perform judicial functions," within the meaning of the exceptions contained in the amendment, and that, therefore, neither the commissioner nor his office is subject to the civil service amendment. This contention cannot be sustained. It may be assumed that some of the duties, considered separately, of a commissioner of insurance are judicial in their nature. However, the commissioner is not appointed to perform judicial functions, within the meaning of the exception in the amendment. He is, beyond question, an officer of the executive department of the state government, and the head of the department relating to insurance. Such an officer is not a person "appointed to perform judicial functions."

The plaintiff in error, defendant below, further contends that notwithstanding it may be held, as it now is, that the office of commissioner of insurance is within the classified civil service of the state, he still has title to the office under the admitted facts hereinafter mentioned.

The defendant was appointed by the Governor to fill a vacancy. The appointment was made on or about November 9, 1920. The civil service amendment having gone into effect prior to that time, namely, on December 31, 1918, it is apparent, and also conceded, that the defendant can have no protection or benefit from the last clause of the amendment which reads as follows:

"All persons holding positions in the classified service as herein defined when this section takes effect shall retain

their positions until removed under the provisions of the laws enacted in pursuance hereof."

The next material, and admitted, fact to be noted is that defendant was not appointed as the result of any competitive test or examination. The appointment was authorized by that clause of the civil service amendment which reads as follows:

"In cases of emergency or for employment of an essentially temporary character, the Commission may authorize temporary employment without a competitive test."

The defendant concedes that his appointment was of a temporary character, but contends that he holds, unless sooner removed on charges after a hearing, until there is an eligible list created as the result of a competitive examination, and that until such eligible list is created he cannot be removed except upon a hearing or an opportunity to be heard.

An eligible list for the position of commissioner of insurance did not exist. Without there having been any examination to create such a list, the defendant was removed from office and deprived of the possession thereof. The removal was, as he claims, without a hearing or an opportunity to be heard upon written charges. This situation raises the question, and the most controverted question in this case, namely: Did the defendant have the right to a hearing?

The third paragraph of the civil service amendment to the constitution contains the following language:

"Persons in the classified service shall hold their respective positions during efficient service * * *. They shall be removed or disciplined only upon written charges, * * * and after an opportunity to be heard."

This clause places "persons in the classified service" in their positions permanently, subject, of course, to removal upon written charges after a hearing. Obviously, therefore, this clause cannot refer to the persons affected by a subsequent clause which empowers the commission to "authorize temporary employment," for otherwise there could

be no "temporary employment." The right to a hearing, and the right to hold a position "during efficient service," is given only to those appointed according to merit and fitness as ascertained by a competitive examination. To hold otherwise would be to nullify the first clause of the amendment which reads as follows:

"Appointments and employments in and promotions to offices and places of trust and employment in the classified civil service of the state shall be made according to merit and fitness, to be ascertained by competitive tests of competence, the person ascertained to be the most fit and of the highest excellence to be first appointed."

It is self-evident, also, that to impair the first clause of the amendment would be to destroy the usefulness of the entire amendment. The conclusion is irresistible that the clause of the amendment giving persons the right to hold during efficient service and the right to a hearing before being removed, refers only to persons appointed as the result of standing highest in a competitive test. It is admitted that the defendant is not an appointee of this class. That defendant, being a provisional appointee, was not entitled, as a matter of right, to a hearing before removal, is a proposition sufficiently sustained by the reasoning above followed, but, moreover, the authorities sustain the same conclusion. It is amply supported by the reasoning and the decision of this court in *Shinn v. People,* 59 Colo. 509, 149 Pac. 623. Among other things, relevant in this connection, this court there said:

"The application of the law extends only to those who have taken an examination, and thereby showed the necessary qualifications, and to those who should do so in the future."

In that case, Shinn relied, among other things, upon a section of the civil service statute which provided that discharges from the classified civil service should be made only for cause and after notice and hearing. It was held that Shinn was not "*in* the classified service," so as to be entitled to the benefit of that section, because he had not

taken an examination. The decision on this point was not made to depend on the fact that Shinn's successor was named from an eligible list.

Another case in point is *Fish v. McGann,* 107 Ill. App. 538, affirmed in 205 Ill. 179, 68 N. E. 761, in which the court held that a probationer was not "in" the classified civil service, and was not, therefore, entitled to a hearing before removal. See also *People v. City of Chicago,* 210 Ill. App. 232; *People ex rel. v. Scannell,* 66 N. Y. Supp. 182. The general rule, in cases of this kind, is stated in 29 Cyc. 1411, 1412, to the effect that "limitations upon the power of removal" contained in civil service laws, do not "affect probationary appointments," or persons "not appointed as a result of a competitive examination."

No permanent employment is authorized without a competitive test, and, as noted in a previous part of this opinion, the defendant's appointment was authorized only under that clause of the amendment providing that the "Commission may authorize temporary employment without a competitive test." The defendant's employment or appointment was temporary. How long, then, would he hold? He cannot be permitted to hold until removed upon written charges and a hearing, for such tenure is given only to permanent appointees, holding after being found to stand highest in a competitive test.

The commission is authorized to make rules to carry out the purposes of the civil service amendment, and this includes the right to make rules with reference to the tenure of provisional appointees, such as was the defendant. It will be assumed that defendant's rights depend on such rules, if there are any covering this case, for the other alternative would be to hold that his tenure is at the pleasure of the Governor, the appointing officer, in which event defendant would have no cause to complain of the judgment below.

The civil service commission in paragraph (7) of division XI of its rules has provided as follows:

"Where a provisional appointment has been approved by the State Civil Service Commission to a position in the State government, and the head of a department, * * * desires to be relieved of said appointee for any cause whatsover, it will be necessary to notify the Civil Service Commission in writing, at least five days before the provisional appointee may be permanently relieved from duty, setting forth fully the reasons for such contemplated dismissal, and it must appear to the Commission to be for the best interests of the service."

This rule was substantially and sufficiently complied with, notwithstanding the fact that the commission instead of the Governor made the first move. On October 6, 1921, the commission wrote to the Governor recommending that he avail himself of the foregoing rule "for the good of the service." On October 7, 1921 the Governor complied, in effect, with the commission's recommendation, and notified it that he would notify the defendant that "his provisional appointment expires" on October 15, 1921, which time was more than five days after the date of the Governor's letter. It was not necessary that the commission again go on record that it appear to it that the contemplated dismissal would be for the best interests of the service, for the reason that the commission had already expressed itself to that effect and a repetition would be a useless formality.

It therefore appears that the defendant was legally removed from his office on October 15, 1921, and there was, therefore, no error in adjudging him to be a usurper of the office of commissioner of insurance at the time of the judgment. The record also contains matters relating to certain charges filed against defendant before the civil service commission prior to the date of his removal, but these matters are immaterial in view of the fact that the defendant was a provisional and not a permanent appointee, and for that reason cannot be considered here for any purpose.

There is no error in the record. The judgment of the district court which excludes the defendant from the office

of commissioner of insurance and adjudges the relator to be the duly appointed and qualified commissioner of insurance and entitled to hold and exercise the office, is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER and MR. JUSTICE DENISON dissent.