No. 10,554.

THE PEOPLE, EX REL. KELLY, ET AL. *v.* MILLIKEN.

Decided November 5, 1923.   Rehearing denied February 4, 1924.

## Proceeding in mandamus.   Alternative writ discharged.

### *Affirmed.*

1.   CIVIL SERVICE—OFFICERS—*Legislative Powers.*   The Legislature has power to abolish an office, but it may not avoid the civil service amendment to the Constitution by abolishing an office and creating a new one with duties substantially the same, to which new officers are appointed.

2.   MOTOR VEHICLES—*Inspectors—Statutes.*   Chapter 161, S. L. '19, chapter 7, Ex. S. L. '19, and chapter 180 S. L. '21, as the same relate to motor vehicle inspectors or supervisors, considered, and the latter act held not to abolish the office.

3.   CIVIL SERVICE—*Motor Vehicle Inspectors.*   While motor vehicle inspectors or supervisors are within the classified service, under existing statutes the secretary of' state could discharge them and appoint others to serve without pay, and the question of the right of the discharged officials to the office under the civil service laws, could only arise when regularly paid inspectors or supervisors were appointed, at which time they would be entitled to the positions.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. FRANK MCLAUGHLIN, for plaintiffs in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

AN alternative writ of mandamus was granted by the Denver district court against the secretary of state, the civil service commission and the state auditor and the

treasurer, directing them to reinstate the relators and award and pay their salaries.  On hearing the writ was discharged.

The relators were motor vehicle inspectors under chapter 161, S. L., 1919, and chapter 7, Ex. S. L., 1919, and were within the classified service.  The office, it is claimed by respondents, was abolished by chapter 180, S. L., 1921. This is denied by the relators, who claim that the act of 1921 merely changed the name "inspector" to "supervisor" and left the qualifications and duties the same.

It is not disputed that if this claim of the relators is true (and if there is no other reason to prevent) they are entitled to the peremptory writ.  Since their tenure of office is secured to them by the Constitution, the so-called civil service amendment, (article XII, § 13), the legislature has no power to deprive them of it.  That body has, indeed, the power to abolish the office, but it may not avoid the Constitution by abolishing the office and creating a new one with duties substantially the same to which new officers are appointed.  *People, ex rel. Fulton v. O'Ryan,* 71 Colo. 69, 250, 204 Pac. 86; *McCloskey v. Willis,* 15 N. Y. App. Div. 594.

The first question, then, is whether the Act of 1921 did this.  There is no change of duty except the following: Section 18 of the act of 1919, authorizes the secretary of state to administer and enforce the act and to appoint a supervisor, clerks and inspectors, and to expend money for certain purposes.  Section 18, as amended in 1921, is the same verbatim except for "inspectors" it reads "deputy supervisors."

Subdivision (b) of section 21 of act of 1919 provides that the supervisor and inspectors shall have throughout the state the powers of sheriffs and police officers with respect to the provisions of the act including power to arrest and to serve all process under the act.  This subdivision as amended in 1921 is the same verbatim, except after the words "power to arrest" those "violating any of the provisions of this act" is added "and other acts regulating the

use, enjoyment and operation of motor and other vehicles."

Sections 16 and 17 of the act of the Extraordinary Session of 1919, chapter 7, gave to the secretary of state and to the supervisor and inspectors appointed by him the same powers with respect to that act which they already had by the previous act of that year with respect to the same. There is no other act to which the said added clause could apply except perhaps chapter 141, S. L., 1921, which relates solely to the same subject. It follows that the duties of the deputy supervisor under the act of 1921, and of the inspector under the act of 1919, are substantially identical, and the effect of the change, if valid, would be merely to deprive relators of their offices and enable the secretary of state to appoint others in their stead.

But both the act of 1919 and of 1921 provide that the secretary may appoint in the several counties deputy supervisors, without salary, who shall have the powers of the salaried ones, and he has appointed some 260 such and has appointed no one to fill the places of relators, whereby the state has been saved some $30,000. These acts also provide that he may appoint "such clerks and motor vehicle inspectors as the proper and economical administration of this act may require." Notwithstanding, then, that the inspector and deputy supervisor are one and the same thing, yet the secretary who is empowered to appoint only such of either as the proper and economical administration requires, may, indeed must, dispense with the services of such as he deems unnecessary, so the question of the right of the relators to these offices under the civil service laws can arise only when the secretary appoints regular, paid deputy supervisors.

The relators, then, are entitled to the appointment when made. *State, ex rel. Quintin v. Edwards,* 40 Mont. 287, 106 Pac. 695; *State, ex rel. v. Schumaker,* 27 La. Ann. 332; *State, ex rel., Breen v. Stodden, Mayor,* 58 Mont. 117, 190 Pac. 991. It would seem to follow that they are entitled to a position on the eligible list, but the writ does not cover that point since it only directs the civil service commission

to certify the relators "as *having been* entitled" to appointment as motor vehicle deputy supervisors.

One Pinnock seems to have been appointed deputy supervisor. If so the senior relator should have had the position, but Pinnock resigned, has been paid in full and no one has been appointed in his place.

The discharge of the alternative writ was right and the judgment is affirmed.

MR. JUSTICE ALLEN not participating.