## No. 11,555.

### LEE v. MORLEY, GOVERNOR, ET AL.

Decided May 17, 1926.   Rehearing denied June 15, 1926.

### Action in madamus.   Bill dismissed.

#### *Affirmed.*

1.  STATES—*Prohibition Agents.*   Under section 3723, C. L. '21, the governor is the sole judge of the necessity for prohibition agents, and on his determination that no agents are required, an appointee is no longer entitled to office or compensation.

2.  CIVIL SERVICE—*Prohibition Agents.*   Under section 3723, C. L. '21, the determination of the necessity for prohibition agents lies solely with the governor.   The civil service commission has no authority over such determination.

3.  OFFICES AND OFFICERS—*Executive Appointment—Evidence.*   When authority is vested in the governor to act for a certain reason, and he does act assigning such reason, the existence thereof is conclusively presumed.

4.  STATES—*Prohibition Agents.*   An executive order reciting that no necessity exists for prohibition agents under section 3723, C. L. '21, held to clearly set forth the governor's decision to dispense with the services of such agents.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. ARTHUR MORRISON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. JEAN S. BREITENSTEIN, Assistant, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error had been employed by the state as a deputy prohibition agent, at an annual salary of $2,000, payable monthly, and paid up to December 30, 1925. Alleging that he discharged the duties of that office the following month he brought madamus to compel the Governor to certify his voucher, the auditor to issue his warrant, and the treasurer to pay him. They answered that on the last mentioned date the Governor issued an executive order by reason of which plaintiff's office "ceased to exist," hence they had no duties in the premises. The cause was tried to the court, the alternative writ was quashed, and the bill dismissed. To review that judgment plaintiff brings· error.

We have only to determine the validity and effect of the said executive order. In doing so we assume the valid appointment of plaintiff and the discharge of his usual duties during the month in question.

"The governor of the state shall compel the enforcement of all provisions of this act, and for this purpose he may call upon any state, district, county, precinct or municipal officer, or he may appoint such agents as necessity may require   *  .  *   *   and to enable the governor to make this act effective, there is hereby created a law enforcement fund, to which the general assembly shall appropriate out of any unappropriated money in the state treasury, the sum of $5,000 annually. The state auditor is hereby authorized to draw warrants upon such fund, and the state treasurer shall pay same upon vouchers certified by the governor   *   *   *." Sec. 3723, p. 1104, C. L. 1921.

The foregoing is section 23, chap. 98, L. 1915, "An Act Relating To Intoxicating Liquors." Under that section plaintiff had been employed. The department operating under it was known in the executive offices as the "law enforcement department." It appears from the record that in addition to the plaintiff, and other paid employees so appointed, the Governor had commissioned certain "volunteer agents."

In 1918 the civil service amendment to the Constitution (sec. 13, art. XII, p. 66, C. L. 1921) was passed, and became effective, and plaintiff's office came within its terms. It provides that civil service employees "shall be removed or disciplined only upon written charges."

When Governor Morley took office in January, 1925, he found the said "law enforcement department" in operation under said civil service amendment and statute, and appointed plaintiff to his position about May 9, 1925. On the 30th day of December, following, he issued the order in question which reads:

"EXECUTIVE ORDER.

It appearing that the department of the government of Colorado known as the Law Enforcement Department, existing under Section 3723, Compiled Laws of Colorado, 1921, consisting of a number of paid agents whose salaries and expenses are met from periodic appropriations made from the Governor's law enforcement fund, is no longer necessary for the proper and economic administration of the act under which said department exists, and that improved and more economical administration of said act can be accomplished without said department;

And it further appearing that it is for the best interests of the state to rescind the commissions and authority of those certain volunteer agents appointed by the Governor for the enforcement of the intoxicating liquor laws as provided by said statute, who receive no salaries or expenses out of said fund;

Therefore, in the interest of economy and more effective administration, it is ordered: That the said law enforcement department be and the same hereby is abolished; and that the commissions and authority of said volunteer agents be and the same hereby are revoked.

Given under my hand and the executive seal this thirtieth day of December, A. D. 1925.

(Seal)                Clarence J. Morley, Governor."

Thereafter the Governor proceeded upon the theory that this order terminated the employment of all paid agents and no more were appointed.

It should here be observed that no question of the right of the Governor to appoint or discharge so-called "volunteers," or unpaid agents, or the jurisdiction of the civil service commission over such agents, is before us.

It is contended that the legislature did not create the law enforcement department; that it could not delegate to the Governor the power to create an office; that the office held by plaintiff was created, and could only be abolished, by the legislature; and that plaintiff could only be "discharged" as provided by the civil service amendment. For the purposes of this decision all this is assumed.

There was, however, a law enforcement department, organized and operated, and which could therefore be reorganized or abolished, by executive authority. The order in question abolished it.

The heart of this dispute lies in the phrase "he (the Governor) may appoint such agents *as necessity may require*." The filling of the office or offices thus created was left to the discretion of the Governor and he was made the sole judge of the necessity. By the terms of the civil service amendment such agents, if appointed, came under its provisions. If the Governor determines that ten are necessary they will be selected as the amendment provides. If, in his opinion, the emergency passes and only one is required the rules of the commission will determine which one. If, however, the Governor reaches the conclusion that none are necessary no question of selection is presented and all must go. Otherwise the executive could not act under the statute in question save at the peril of encumbering the state with a regiment of these agents, for whose services the state had no use, but for the termination of which no machinery was pro-

vided. The discretion of the Governor to determine the necessity, under such provisions as the one here in question, was settled in *People ex rel. v. Milliken,* 74 Colo. 456, 458, 223 Pac. 40. There the authority of the secretary of state was to appoint ''such clerks and motor vehicle inspectors as the proper and economical administration of this act may require.'' The secretary decided that none were required. Kelly and others, who had filled such places under the civil service, made substantially the claim made by Lee in the instant case. We decided that the discretion rested with the secretary, and when he determined that the economical administration of the act required none, ''the right of the relators to these offices under the civil service laws can arise only when the secretary appoints regular, paid deputy supervisors.'' In the instant case the Governor is authorized to appoint ''such agents as necessity may require.'' He has decided that necessity requires none and ''the right of the relators to this office under the civil service law can arise only when the Governor appoints regular paid agents.''

Strictly speaking there was here no ''discharge'' of plaintiff. That could only occur as provided by the civil service laws and rules. Neither was there an abolition of a department established by the General Assembly. That could only occur by operation of law. Should the Governor discharge for other cause than lack of necessity, he would thus usurp the functions of the commission. Should plaintiff be permitted to hold in the face of the Governor's finding, he would thus usurp the functions of the executive.

Plaintiff says the Governor should have asked the civil service commission for his discharge, assigning want of necessity as the reason therefor, and had that question determined in that forum. We find no statute which, either by direction or implication, vests in the commission the authority to determine the necessity for

the employment of such agents. Were it otherwise the commission could strip the Governor of all powers conferred upon him by the act. When authority is vested in the Governor to act for a certain reason, and he does act, assigning such reason, the existence of that reason is conclusively presumed unless the statute provides for its judicial determination. *People v. Martin,* 19 Colo. 565, 36 Pac. 543, 24 L. R. A. 201.

The sole remaining question is, Did the executive order clearly set forth the decision of the Governor that there was no necessity for the services of these paid agents and his purpose to dispense with them? We think it did. Plaintiff insists that as the office created was "agent" and the officer in question "deputy prohibition agent," and as the department abolished was the "law enforcement department," and the legislature had created no such department, the order was impotent for want of an officer or department upon which to operate. In support of that position he cites *People v. Newlon,* 77 Colo. 516, 238 Pac. 44, but that authority is against him. That decision was based upon the clear intention of the Governor to abolish an office which we there held had no existence, and a clear intention not to abolish one which we held had. Here it as clearly appears that the office held by plaintiff in error was the one provided for by said section 3723, and the officer whom the Governor held necessity did not require was the incumbent of it. The very section is cited in the order.

The judgment is affirmed.

MR. JUSTICE SHEAFOR not participating.