## No. 12,015.

### STATE CIVIL SERVICE COMMISSION v. CUMMINGS.

Decided March 12, 1928.

On petition for certiorari.   Decree for petitioner.

## *Reversed.*

1. CERTIORARI—*Purpose.*  Certiorari is an extraordinary remedy and the writ will not issue if some other adequate remedy exists.

2. REMEDIES—*Civil Service Employe—Reinstatement.*  The remedy for reinstatement of an employe under civil service, is mandamus, not certiorari.

3. CERTIORARI—*Laches.*  A writ of certiorari must be applied for within a reasonable time or the same will be refused, or dismissed if improvidently issued, and the court may raise the question.

4. CIVIL SERVICE—*Safeguards—Purpose.*  The safeguards and provisions of the civil service laws are for the protection only of those who have taken examinations and have thereby shown the necessary qualifications and as a result thereof are within the classified service.

5. *Provisional Appointee—Removal.*  A provisional appointee under civil service may be removed, discharged or relieved from duty at the pleasure of a head of a department and with the approval of the commission if the latter deems it for the best interests of the service. A provisional appointee is not entitled either to notice or hearing as a condition precedent to removal.

6. *Rules—Construction.*  The rule of the civil service commission providing for five day's notice before a provisional appointee may be dismissed, was not passed for the benefit of the employe, but is for the convenience of the commission and may be waived by it.

7. CERTIORARI—*Purpose.*  The remedy of certiorari is restricted in its inquiry to jurisdictional questions and, under the Colorado Code of Procedure, to a manifest abuse of discretion.

8. WORDS AND PHRASES—*"Abuse of Discretion."*  "Abuse of discretion" is failure of a tribunal regularly to pursue its authority.

9. CERTIORARI—*Purpose.*  All that can be done under a writ of certiorari is to quash or refuse to quash the proceeding complained of.  No rights growing out of such proceeding can be enforced.

10. Remedies—*Quo Warranto—Mandamus.* In Colorado, quo warranto is the remedy for trying title to office, mandamus is a remedy for reinstating.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. William L. Boatright, Attorney General, Mr. Jean S. Breitenstein, Assistant, for plaintiff in error.

Mr. H. A. Lindsley, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

On the petition of Barnard Cummings, who had been, with approval of the State Civil Service Commission, serving and acting, in the capacity of a provisional appointee, as assistant commissioner of securities under the secretary of state, the district court awarded him a writ of certiorari to review an order of the commission terminating his employment. The respondent board's motion to quash the writ, based principally on laches of the petitioner, and that certiorari is not the proper remedy, was denied and the respondent then filed its return containing a complete transcript of all of its proceedings concerning the termination of the petitioner's appointment and the approval of the appointment of R. T. Wilson as his successor, together with all letters, depositions, evidence, etc., on file in anyway affecting its action complained of, together with a copy of its rules and regulations. No answer or reply to the return was filed. No oral testimony was heard, though respondent offered to produce evidence, which the court refused to hear because it was at variance with the return. No assignment of error is made to this ruling. The findings and decree were based solely on the record. What the court denominates as findings are thus set forth in its decree:

(1) That the petitioner was not legally discharged by the commission and his office or employment was not legally terminated; (2) that the commission did not proceed according to its rules and regulations or observe the proper procedure for terminating a provisional appointment; (3) that the petitioner was not given by the commission a hearing and no proper order was entered by it discharging him; (4) that the commission failed as a board to take the necessary and proper action required in such cases; (5) the court specifically finds as the result of such void action and conclusion of the commission, that the petitioner is now, and at all times since January 31, 1927, has been, the sole assistant commissioner of securities and is now such employee.  The decree upon these findings, in substance, is that: (1) That the attempted removal or relieving petitioner from duty is null and void; (2) that the petitioner is, and ever since January 31, 1927, has been, the assistant commissioner of securities at the salary of $150 per month, and is now such commissioner until removed according to law; (3) making permanent the mandatory order contained in the writ of certiorari suspending and staying all action in the premises until petitioner shall be, if at all, removed from the office or employment in accordance with law and the rules and regulations of the commission; (4) the commission is commanded and enjoined to certify upon its next payroll or upon its special payroll the name of the commissioner Cummings as assistant commissioner of securities from and including February 1, 1927, until the date of this judgment; (5) costs against the respondent are awarded.

We think the decree is manifestly wrong and must be set aside for the following, among other, reasons:

1.  The petitioner has mistaken his remedy.  Certiorari is an extraordinary remedy, and even in cases where it lies, the writ will not issue if some other adequate remedy exists, and it is restricted to jurisdictional matters. *Medical Board v. Spears,* 79 Colo. 588, 247 Pac. 563.

*Nisbet v. Frincke,* 66 Colo. 1, 179 Pac. 867, was a mandamus proceeding in which an officer or employee of the civil service had been removed or relieved. In reply to the contention there that mandamus was not the proper remedy for restoring to office or employment, the court, speaking through Mr. Justice Scott, said:

"It is however, strenuously argued that mandamus is not the proper remedy, and that the proceeding should have been by certiorari. Under our civil code, certiorari is an extraordinary legal remedy. It lies where a tribunal exercising judicial functions exceeds its jurisdiction or greatly abuses its discretion.   *   *   *

"The official acts of a civil service commission in executing the commands of the statute are not judicial, in the technical sense; they are executive and ministerial in their nature, and, therefore are to be reached, when they actually become the subject of judicial inquiry by way of mandamus. 5 R. C. L. 617.

"It was formerly held that the acts of such a commission were in their nature judicial. But this view has been generally repudiated.   *   *   *   The writ of mandamus has been used for the specific purpose of reinstatement. *People v. Brady,* 262 Ill. 580, and by this court in *Sowers v. Pitcher* [63 Colo. 139], 165 Pac. 253."

The case in hand is one by a provisional appointee in the civil service for reinstatement to the office or employment in question from which it is alleged he was removed. The Nisbet case declares that mandamus, and not certiorari, is the appropriate remedy. This decision has been followed or recognized in *People, ex rel. Riordan v. Hersey,* 69 Colo. 492, 196 Pac. 180, 14 A. L. R. 631; *People, ex rel. Fisher v. Luxford,* 71 Colo. 442, 207 Pac. 477; *Board of Capitol Managers v. Rusan,* 72 Colo. 197, 210 Pac. 328; *People, ex rel. Kelly v. Milliken,* 74 Colo. 456, 223 Pac. 40; *Lee v. Morley,* 79 Colo. 481, 247 Pac. 178. See also 5 R. C. L., 263. The district court should have sustained the respondent's motion to quash because certiorari was not the proper remedy.

2. The respondent also says that the writ should have been quashed because for a period of four and one-half months after the action of the board, petitioner took no steps whatever to question its ruling. In 11 C. J. p. 146, sec. 133, it is said that the writ of certiorari must be applied for within a reasonable time, or the same will be refused or dismissed if improvidently issued; and at page 186, section 309, that where the applicant for the writ has been guilty of unreasonable delay in suing out the writ, it will be quashed; and at page 148, section 138, that objections to the proceedings because not instituted within the time limit should be taken by motion to dismiss or to quash. And the court itself may raise the question. *People v. District Court,* 28 Colo. 218. Respondent says that during the period that the petitioner refrained after the removal from questioning the authority of the commission, the petitioner's successor in office has been discharging its duties and is being paid by the state. Since we have held that certiorari is not the appropriate remedy, it is not necessary to determine whether or not the petitioner was guilty of laches.

3. In a series of cases, beginning with *Shinn v. People,* 59 Colo. 509, 149 Pac. 623, this court has consistently held that the safeguards and provisions of the civil service laws are for the protection only of those who have taken an examination and thereby showed the necessary qualifications, and as the result thereof are within the classified service. The other cases referred to are: *People, ex rel. v. District Court,* 59 Colo. 582, 151 Pac. 1196; *People, ex rel. v. Capp,* 61 Colo. 396, 402, 158 Pac. 143; *Sowers v. Pitcher,* 63 Colo. 139, 165 Pac. 253; *People v. Chew,* 67 Colo. 394, 179 Pac. 812; *Wilson v. People, ex rel.,* 71 Colo. 456, 459, 208 Pac. 479. Cummings is not within the classified service. He never took an examination; he was only a temporary or provisional appointee. He might be removed by the secretary of state at any time with the approval of the commission, whenever the commission considered it best for the service. Indeed,

counsel for the petitioner admits that he might be removed without notice or a hearing. He further says, however, that because of non-compliance by the secretary of state and the commission with clause 7 of rule 11 of the commission, the proceeding in this case was irregular and contrary to the commission's regulations. Clause 7 reads: "Where a provisional appointment has been approved by the state civil service commission to a position in the state government, and the head of a department, board or commission desires to be relieved of said appointee for any cause whatsoever, it will be necessary to notify the civil service commission in writing, at least five days before the provisional appointee may be permanently relieved from duty." The record does not disclose whether this rule was adopted before or after the Shinn case was decided. The law of that and the other cases cited is to govern here. That law is that a provisional appointee may be removed or discharged or relieved from duty at the pleasure of the head of a department and with the approval of the commission if the latter deems it for the best interests of the service. The alleged failure to comply with this rule is said to be that the five days' notice, which the rule says the department head is to give to the commission, was not in fact given and, therefore, the attempted removal before the expiration of the five days after the giving of the notice, was ineffective. Petitioner is mistaken as to this construction as to the meaning and effect of this rule. It was not passed for the benefit of the appointee. A provisional appointee is not entitled either to notice or a hearing as a condition precedent to removal. The five days' notice provided by this rule is for the convenience of the commission itself, evidently to enable it within the period of five days to investigate the fitness of the appointee to remain in the service, and to ascertain the qualifications of the successor suggested by the head of the department. The provisional appointee, as we have held, may be removed at any time and without cause at the pleasure

of the commission and the department head, summarily and at their will. If the commission chooses, as it did here, to waive the full five days' written notice, and at the end of two or three or four days thereafter to enter an order relieving the incumbent from further duty, and at the same time approving the appointment of the successor suggested by the secretary of state, the petitioner has no cause for complaint. This rule it will be observed does not state that a provisional appointee may not be temporarily relieved from duty before the expiration of the five-day period, but it says that relief or removal from duty does not become permanent until the expiration of the five-day period. At all events, at the expiration of five days after receipt by the commission from the head of a department of a request for the removal, the term of Cummings expired and he was permanently relieved from duty. Thereafter he had no right to the possession of the office. We might suggest that under our decisions this rule might well be rescinded. It has no useful purpose because in the absence of the rule the commission might, of its own volition, postpone action until it had time to inquire into the fitness of the incumbent and the qualifications of the suggested provisional appointee named by the head of a department.

4. There is another reason why the decree should be set aside even if certiorari is the appropriate remedy. It is established law in this state, as it is generally in this country, that certiorari is an extraordinary remedy and is restricted in its inquiry to jurisdictional questions and, under our Code of Procedure, to manifest abuse of discretion, which we have held to mean a failure of a court regularly to pursue its authority. It is not a flexible writ. All that can be done under it is to quash or refuse to quash the proceeding complained of. 11 C. J. pp. 88, 89, § 2. No rights growing out of such proceedings can be enforced. In this state quo warranto is the remedy for trying title to office. Mandamus, as we have seen, is a remedy for reinstating. Certiorari is not appropriate

and cannot supplant or take the place of quo warranto or mandamus.

Referring to our foregoing summary of the findings and decree based thereon, considered in connection with the refusal of the district court to quash the writ because the court considered it a proper remedy, it will be seen that the trial court apparently lost sight of the scope and purpose of certiorari. This is evident from the fact that it proceeded by virtually converting certiorari into a writ of quo warranto and tried the title of this office as between the parties, though Wilson, who was in office at the time and claimed title, was not made a party to the writ. This determination cannot be made in a certiorari proceeding. After determining the title to be in the petitioner after January 31, 1927, the court decreed him a salary of $150 per month until he was removed or discharged according to law. The decree then enjoined the civil service commission from certifying a payroll with any other name than that of Cummings as assistant commissioner of securities until he was lawfully removed according to law, and commanded the commission to certify on its payroll or special payroll the name of the petitioner Cummings from and including February 1, 1927, and until the day the decree herein was rendered. Judgment for costs was also rendered against the commission. It is not necessary to discuss the impropriety of such a decree. When the court determined that certiorari was the proper remedy the only thing it could do was either to quash or affirm the proceedings of the commission.

The decree is reversed and the cause is remanded with instructions to the district court to set aside its decree and dismiss the action at the costs of the petitioner.