No. 15,399.

KEVELIN *v.* SULLIVAN AND OTHERS AS CIVIL SERVICE COMMISSIONERS ET AL.
(163 P. [2d] 199)

Decided October 29, 1945.

Mr. ARTHUR S. W. CARBONE, Mr. CHARLES A. HASKELL, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. CLARENCE L. BARTHOLIC, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS is an action for reinstatement to a position in the classified civil service of the State of Colorado and for recovery of compensation while deprived of the position.

The State Industrial School for Boys operates a hospital for the care of minor illnesses and accidents of its boys and for physical examination of new boys upon their reception at the school. During the period with which this action was concerned, sometimes there were no cases being hospitalized and occasionally in cold, wet, weather there were as high as fifteen or twenty boys suffering from colds or other illness. Any case of a serious nature was immediately transferred to the Colorado General Hospital. There was a supervising nurse in charge of the hospital at the school who had held that position for seventeen years. She had living quarters in the building, was subject to call at any hour of the day or night, and worked in conjunction with a physician who made daily calls to treat the patients and examine new arrivals.

From July 1, 1940, plaintiff, who appears here as plaintiff in error, was employed at the hospital as a salaried relief nurse, to which position she had been certified by the State Civil Service Commission. Her

duties, as she testified, included giving medicine to sick boys, assisting with first aid, assisting with throat cultures, supervising the boys and the general routine. of the hospital pertaining to the service that the boys would require, such as serving meals, making reports and assisting with the records. Two School of Mines students also were employed at the hospital on a board and room basis. They came late in the afternoon after their classes were over and remained on duty until about nine in the evening, when they went to their quarters in the hospital where they were subject to call until morning, when they went back to their college work. They acted as orderlies and did routine work required of them, including assistance in laboratory work and keeping records, and particularly in giving enemas and attending to the physical care of the boys in the hospital, duties which are distasteful to women and about which boys of that age are very sensitive to feminine care. They were required to be available at least forty hours a week in return for room and board, and when they worked overtime they received thirty-seven and a half cents per hour for the extra time. Help also was given by some of the boys in the school, who were assigned to menial tasks in the hospital and did their work under direction of the nurse in charge or of the School of Mines students.

Shortly before October 1, 1941, the superintendent of the Industrial School notified plaintiff that the position of relief nurse, which she occupied, would be vacated on that date for reasons of economy, and she then was dismissed and immediately notified by the Civil Service Commission that she was placed at the top of the preferred list of eligibles. Thereafter the hospital was operated without the services of a relief nurse. The supervising nurse remained usually subject to call at any hour and in her absence, or in case of emergency, one of the teachers at the school or the shoe-

shop operator or the man in charge of new boys relieved her.

Plaintiff alleges in her complaint that her position as relief nurse was not in fact vacated or, if vacated, that it was reestablished immediately thereafter by employing other persons to perform the duties of relief nurse, and that the action of the superintendent, in the pretended vacation of the position, constituted an evasion and violation of the provisions of the State Constitution relating to civil service. It is her contention that her discharge was not in the interest of economy nor in good faith and that the duties of her position were immediately assigned to School of Mines students who had no civil service status.

There appears to be no substantial conflict in the evidence. The trial court found all the issues in favor of defendants and entered judgment accordingly. This judgment is supported by the evidence. The supervising nurse testified as to her ability to do all the required nursing and supervisory work of the hospital. There is no evidence that the School of Mines students have been called upon to perform any other or further tasks since the position of relief nurse was vacated than before, and there is no showing of employment of any other person to perform the duties of relief nurse. All those assisting in case of emergency, or in the temporary absence of the supervising nurse, have been regular employees. The resulting economy to the school in saving the salary of the position is apparent, there is nothing in the evidence to hint at bad faith, and the vacating of an unnecessary office in the interest of the taxpayers is both commendable and refreshing. As said in *People, ex rel. Kelly v. Milliken,* 74 Colo. 456, 223 Pac. 40, one who is empowered to appoint "may, indeed must, dispense with the services of such as he deems unnecessary." The right to a position by one whose services are so dispensed with can arise only when some other person is employed to perform the duties of

that position. Since the School of Mines students who acted as orderlies are not shown to have taken over the duties of plaintiff's position, the question of whether or not they enjoy civil service status or whether their employment without such status is proper, as contended by plaintiff, is not of present concern to her or to the court.

Accordingly let the judgment of the court below be affirmed.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE JACKSON concur.