**WETZEL v. McNUTT et al.**
No. 1462.

District Court, S. D. Indiana, Indianapolis Division.

Aug. 5, 1933.

Barnard & Walker, of Indianapolis, Ind., for plaintiff.

Philip Lutz, Jr., Atty. Gen., for defendants.

Before EVANS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

PER CURIAM.

Plaintiff, alleging that he has a contract with the secretary of state of Indiana to establish and operate a branch office of the secretary, for the issuance of automobile licenses, brings this suit against the Governor and various state administrative officers to enjoin them from interfering with him in the performance and enjoyment of his contract upon the ground that such state officers are acting under and by virtue of state legislation which, when executed, will impair the obligations of the contract and deprive plaintiff of his property without due process of law, in violation of his rights under the Federal Constitution and Amendments thereto (article 1, § 10; Amendment 14).

Defendants move to dismiss, and contend that plaintiff is not an employee of the state but an officer thereof, and therefore subject to removal at any time by the regularly authorized superior officials. Defendants contend also that there are no contractual or property rights involved, for the reason, as they say, that the secretary had no authority other than to appoint a subordinate representative and no power to bind the state by a contract of employment creating property rights. They contend further that under the contract, if valid, the state may, by its terms, cancel the same at any time.

It appears from the bill that the secretary on December 17, 1932, entered into a contract with plaintiff whereby the latter was to establish a branch license bureau in the city of

South Bend; that plaintiff has entered upon the performance of such contract, and is maintaining the office at his own expense, after preparation therefor involving considerable expenditure of money. Under the contract, plaintiff agreed to investigate and pass upon the qualifications of applicants, and to issue or deny licenses as the facts required. He was to receive 25 cents from each applicant for license fees, and was also obliged to furnish service to applicants, including notary service, at a cost of 25 cents, which compensation, as the statute provides, remains his own. Plaintiff alleges in his bill that defendants threaten to abrogate, and will abrogate, said contract.

The bill discloses that on February 3, 1933, the Legislature enacted legislation (Acts 1933, c. 4) by virtue of which it attempted "to simplify the laws providing for the operation of the executive including the administrative department, * * * to eliminate duplications of activities, to effect economical reductions in personnel of officers, employees and servants of the State, * * * to concentrate responsibilities in the elective officers * * * and to reduce the costs of executive and administrative government in the State of Indiana." Section 1. The act creates eight different departments (section 2), abolishes certain offices, and makes only the Governor, Lieutenant Governor, secretary of state, auditor, treasurer, and superintendent of public constructions elective officers (section 3). Section 9 provides that the Governor may assign, reassign, or transfer any of the administrative power, duties, or functions to and from one or more of said eight departments.

In pursuance of this legislation on March 9, 1933, the Governor transferred to the department of treasury, included within the administrative department of the state of Indiana, all authority under the acts under which plaintiff was employed or appointed. It is asserted that, under the provisions of the act that give him power to control the tenure of every officer, employee, and servant of the administrative department (section 5) the Governor has abrogated certain similar contracts and will abrogate that of plaintiff. Plaintiff asserts in his bill that such legislation illegally delegates legislative power to the Governor, and that the last-named provision, when enforced as against plaintiff, impairs the obligations of his contract.

■ The jurisdiction of the court is invoked upon the ground that the threatened action of defendants will amount to the impairment of

the obligations of a contract by a state. It has been repeatedly held that public office is not an inherent property right within the protection of the Fourteenth Amendment to the Federal Constitution. The regulation of a salary or the curtailment of appointment to an office are not within the import of the term "contract," or within the vested private personal rights protected by the amendments to the Constitution. As the Supreme Court says in Butler et al. v. Pennsylvania, 10 How. (51 U. S.) 402, at page 417, 13 L. Ed. 472: "They are functions appropriate to that class of powers and obligations by which governments are enabled, and are called upon, to foster and promote the general good; functions, therefore, which governments cannot be presumed to have surrendered, if indeed they can under any circumstances be justified in surrendering them."

■ Public offices are mere agencies or trusts and not property as such. The nature of the relation of a public officer to the public is inconsistent with either property or contract rights. The establishment of a contrary principle would arrest everything like progress or improvement in government, and the latter would become one great pension establishment on which to quarter a "host of sinecures." Butler v. Pennsylvania, supra; Taylor & Marshall v. Beckham, 178 U. S. 548, 20 S. Ct. 1009, 44 L. Ed. 1187. Indiana has adopted this conception of public office in the case of Hord v. State, 167 Ind. 622, 79 N. E. 916.

■ But it is insisted by plaintiff that he is not an officer of the state but merely an employee, holding a private contract of employment. An officer is distinguished from an employee by determining whether his position or employment involves the exercise of any part of the sovereign power of the state. In other words, an office is a public station to which a portion of the sovereign power is attached for the time being and which is exercised for the benefit of the public. It implies a delegation of a portion of governmental power. Apparently, from the facts stated in the bill, plaintiff did hold an office of the state of Indiana, exercising a part of the administrative authority of the state by examining applicants, determining their qualifications, and making allowance or rejection of their applications. He became, then, an administrative officer exercising discretion and administrative power, and to such extent at least the nature of his duties were those of an officer of the state within the meaning of the word as commonly recognized.

However, in addition to performing this administrative work, the plaintiff was obliged, under his contract, to furnish an office and certain service, including notary service, for the benefit of the public in presenting applications to him as deputy secretary of state, and had the right to keep the notary fees as his own. He was to furnish the quarters and pay the rent. These duties and rights partake of the nature of the duties of an employee; they are no part of the sovereign part of the state. They are additional matters involving labor without the exercise of sovereign power.

To this defendants reply that, as to any such contractual power, plaintiff is without remedy, for the reason that the act of the Legislature under which the secretary appointed him made no provision for and gave no authority to the secretary for the employment of such employees, that the plaintiff was bound by such lack of power of the secretary of state, and that his contract, so far as it goes beyond delegation of sovereign authority, is invalid and unauthorized.

■ Whatever may be the merit of these respective contentions, and even though it be agreed that plaintiff has a valid contract, properly authorized by the Legislature, there is another obstacle facing him which seems to us insurmountable. The contract provides that it may be terminated by the secretary by mere notification of plaintiff to such effect. In other words, it was revocable at the will of the secretary without penalty. Such was the voluntary agreement of plaintiff, and he must have established the branch office with his eyes open to the contingency that his contract might rightfully be terminated at any moment. Such a contractor has no such property interests as are entitled to protection under the provisions of the constitutional amendments here relied upon.

■ The plaintiff insists that the secretary is not the person threatening to abrogate the contract; that the contemplated cancellation emanates from the Governor acting under and by virtue of the law hereinbefore mentioned. The Governor, acting under the provisions of the act, has transferred the particular activities here involved to another department. He has, under the same act, authority to control the tenure of office of all appointive administrative officers. Plaintiff contends that the grant of power is an unlawful delegation of legislative power.

The enactment of legislation governing the issues of license for automobiles originally placed the authority in the secretary. As an officer of the state, it was his duty to administer the law the Legislature thus enacted. Now the Legislature has said that, instead of granting such power to a particular officer, it will grant to the chief administrative officer power to determine which of his subordinate officers shall exercise it, and the Governor in pursuance of such power has transferred these administrative powers from the secretary to another department. The Legislature has, in effect, said that the Governor as chief administrative officer may designate which subordinate member of the administrative machinery created by the Legislature shall administer the automobile license law. This is not a delegation of legislative authority. It amounts ultimately to a transfer of supreme authority over automobile licenses from the secretary to the Governor, and to a grant of power to him to name the particular individual in his executive office or in his administrative family which shall exercise the same. This is a mere exchange or transfer from one administrative officer to another.

■ When plaintiff signed his contract, giving to the secretary of state the right to rescind his contract at any moment, he was bound to be fully aware that the secretary of state possessed power to make a contract only as authorized by the Legislature, and that that body might repeal or amend the legislation and might transfer the authority to execute the law from one officer to another. This the Legislature has seen fit to do, not by a surrender of any of its legislative power, but by the centralization of administrative power in one office. With such acts of the Legislature we cannot interfere, and by them the plaintiff, the secretary, and the public generally are bound.

■ It follows, therefore, that, though plaintiff may have been both an officer and an employee, so far as some of his duties are concerned, he is bound by the arbitrary provision of his contract, which gives to the state of Indiana, whether acting through the secretary or through the Governor, the right to rescind at any moment. Consequently, he is without property right, protection of which he is guaranteed under the provisions of the amendments to the Constitution. The motion to dismiss is allowed.