# No. 13,698.

## GETTY ET AL. *v.* GAFFY.
(44 P. [2d] 506)

Decided April 8, 1935.

Mr. PAUL P. PROSSER, Attorney General, Mr. NORRIS C. BAKKE, Deputy, Mr. PIERPONT FULLER, JR., Assistant, for plaintiffs in error.

Mr. ARTHUR MORRISON, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT to enjoin the members of the state civil service commission from interfering with plaintiff, defendant in error, in the exercise of the duties of secretary of the commission, threatened, so it was said, by an executive order to that end, made by Hon. Edwin C. Johnson, the Governor. A temporary restraining order issued. A majority of the civil service commissioners declining to answer or oppose plaintiff's application, the Governor sought and was granted leave to intervene in the proceeding and he filed a petition in intervention, challenging the right of plaintiff to the relief sought. On trial plaintiff was given a permanent writ of injunction. His Excellency assigns error.

Plaintiff claims under section 13, article 12, of the Constitution, adopted November 5, 1918, and section 127, C. L. 1921 (S. L. 1919, p. 143, §1), while the Governor justifies under chapter 177, Session Laws, 1933. As it is not questioned in argument, we assume that plaintiff comes within the "classified service" mentioned in the Constitution, and the provision is that persons in that service shall hold during efficiency. Removal or discipline may be only on written charges. Charges were not preferred. The 1919 act authorized the commission to appoint a secretary and fixed the salary. Plaintiff

was appointed to that position as one of the first acts of the commission and has served hitherto. December 20, 1934, effective January 1, 1935, the Governor ordered that for a period of ninety days, plaintiff, as secretary of the commission, be suspended, the 1933 act being assigned as warrant therefor. It reads: "Section 1. If, during any biennial fiscal period, there should not be sufficient revenues available for expenditure during such period to carry on the functions of the State Government and to support its agencies and institutions, and such fact be made to appear to the Governor, he may in the exercise of his discretion, by executive order, suspend or discontinue, in whole or in part, the functions or services of any department, commission, board or bureau of the State Government. Such discontinuance or suspension shall become effective upon the first day of the calendar month following the entry of such executive order, and shall continue for such period of time, not to exceed three months, as shall be determined by such executive order. And if, during any such period of time, it shall again be made to appear to the Governor that such deficiency of revenues still persists, he may, from time to time, extend the operation of such executive order for a like period of time not to exceed three months. Provided, that the State shall not be liable for the payment of any claim for salaries or expenses purporting to have accrued against any such department, commission, board or bureau during any such period of suspension, and the Auditor of State shall not issue any warrant therefor. Elective officers shall not be subject to the provisions of this Act."

▉ In simplification of our study it will be helpful to mark the distinction between the power to create and abolish or suspend officers, boards and bureaus, and the power to control the employment, promotion and discharge or otherwise discipline employees in relation to offices or positions assuredly existent or whose functions do not stand suspended. The former, other than as

fixed in the Constitution, must, as we perceive, rest with the legislature, while the latter, with certain exceptions, devolves upon the civil service commission. Here, as we sense the problem, the question is whether plaintiff's employment is of such character that the legislature cannot provide for its abolishment or suspension. The place or position in which plaintiff has served many years is of legislative, not constitutional, creation. In this her situation is unlike that of the members of the commission, which makes pointless the case cited to the effect that the Governor does not have power to discharge a commissioner (*Roberts v. People,* 77 Colo. 281, 235 Pac. 1069). On the other hand, we have held that the legislature has the power to abolish statutorily created positions, thereby working separation from employment otherwise secure. *People v. Milliken,* 74 Colo. 456, 223 Pac. 40. But it is claimed that the position of secretary to the board is necessary, and without such help the board cannot function. We regard such view as speculative, or, as the trial court said, "matter of opinion." It is not of judicial cognizance. The matter rested and rests with the legislature. When that branch of the government provided for the position of secretary to the civil service commission, it exercised the identical power it impliedly reserved to conclude otherwise at its pleasure. Since, as we have seen, the legislature may abolish outright positions of its creation, so in reason it may provide for temporary cessation of the activities thereof. What the legislature could have accomplished in the matter here by operation of its direct enactment, we think it was competent to effect through the instrumentality of the executive. *Le Page v. Bailey,* (W. Va.) 170 S. E. 457. See, also, 12 C. J., p. 844, §329. The element of contingency does not operate to defeat the purpose of the legislation. 12 C. J., p. 864, §365. Illustrative instances are to be found in *Wetzel v. McNutt,* 4 F. Supp. 233; *Amchanitzky v. Carrougher,* 3 F. Supp. 993; *The Aurora v. U. S.,* 7 Cranch 382, 3 L. Ed. 378; *Frischer*

*& Co. v. Elting,* 60 F. (2d) 711; *State v. Burckhard,* 135 Or. 86, 194 Pac. 1103; *Field v. Clark,* 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294.

▰ The act under which the executive proceeded was an economy measure, calculated to work reformation in the use and expenditure of public funds. It placed responsibility for keeping the departments awake to the necessity of care in the matter, on the executive, and as a proper corollary clothed him with power to give practical effect to the legislative purpose, by suspending, "in whole or in part," activities of his designation. Whenever during a biennium it is "made to appear to the Governor" that revenues will not suffice, "he may in the exercise of his discretion, by executive order, suspend or discontinue, in whole or in part, the functions or services of any department, commission, board or bureau of the State Government." The order in question was based on a finding of "insufficient revenues," made by the Governor. Fair consideration of the evidence taken at the trial leads to the conclusion the executive did not err as to the fact. In any event, authority having been vested in the Governor to act for a certain reason, and he having found the mentioned reason to exist, it seems the finding is not open to judicial inquiry. *Lee v. Morley,* 79 Colo. 481, 486, 247 Pac. 178. See, *People v. Martin,* 19 Colo. 565, 36 Pac. 543, 24 L. R. A. 201.

▰ We do not regard as important the fact that plaintiff's name was included in the order of suspension. The inclusion of her name probably arose from the fact that she happened to be the sole occupant of the activity, the "functions or services" of which the Governor determined must be stilled for a time. The Governor's "act must be construed as intended to do that which might legally be done." *Walsh v. People,* 72 Colo. 406, 413, 211 Pac. 646.

▰ The rule of the commission to the effect that when necessary to reduce the number of employees in

any state department, discharge shall be in the inverse order of their appointment, has no application here. The suspended activity, as we have emphasized, was operated solely by plaintiff. None other was in like classification.

The challenged act of the legislature was well within its constitutional powers, and the order of the executive pursuant thereto did not transcend his like authority. Beyond these considerations, in the circumstances here the judicial branch of the government may not constitutionally inquire.

Let the judgment be reversed, the suit to be dismissed.

Mr. Justice Holland not participating.