RAFAEL ARJONA SIACA, peticionario y apelado, *v.* BLANTON
WINSHIP, GOBERNADOR DE PUERTO RICO, ET ALS., demandados
y apelantes.

No. 6695.—*Sometido:* Mayo 12, 1935.   *Resuelto:* Noviembre 15, 1935.

*Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez,
Subprocurador,* abogados de los apelantes; *A. Ortiz Toro,* abogado
del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Rafael Arjona Siaca,. Juez de la Corte de Distrito de
Humacao, inició en la Corte de Distrito de San Juan un pro-
cedimiento en armonía con la "Ley Uniforme de Sentencias
Declaratorias" de 1931, Leyes de 1931, p. 397, en solicitud
de una declaración de inconstitucionalidad de cierta asigna-
ción contenida en las Leyes de presupuesto núm. 40 de 1932
(pág. 299) y núm. 59 de 1933 (pág. 399).

Prescindiremos del estudio y resolución de las cuestiones
previas suscitadas y del de otras incidentales que surgieron
durante el curso del procedimiento, para llegar sin demora
al fondo de la cuestión planteada, a saber: ¿Pudo reducirse
el sueldo del juez demandante?

El 29 de abril de 1930 (Leyes de 1930, pág. 419) se aprobó
la Ley núm. 58 decretada por la Asamblea Legislativa dispo-
niendo que el cargo de juez de las cortes de distrito de Puerto
Rico fuera desempeñado por jueces nombrados por el tér-

mino de diez años. De acuerdo con ella el demandante fué nombrado Juez de la Corte de Distrito de Humacao.

La ley no contiene disposición alguna fijando el sueldo de los jueces. En la Ley núm. 75 del propio año 1930 "fijando el presupuesto de los gastos necesarios para el sostenimiento del gobierno de Puerto Rico en el año económico que terminará el 30 de junio de 1931, y para otros fines", consta la siguiente asignación: "Corte de Distrito de Humacao: Juez, $5,500.00." Leyes de 1930, p. 545.

Y como en las subsiguientes leyes de presupuesto núm. 40, de 1932, y núm. 59, de 1933, sólo se asignan respectivamente para el pago del sueldo del juez de la Corte de Distrito de Humacao, $5,120.00 e igual suma con autorización al Auditor para hacer una rebaja del cinco por ciento, el demandante sostiene que dichas leyes son anticonstitucionales y por consiguiente nulas por haberse decretado en violación del párrafo trece de la sección 34 de la Ley Orgánica que dice:

"Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo."

Los términos de ese precepto constitucional son claros y la idea fundamental que lo inspira es la de asegurar la independencia del funcionario público una vez nombrado contra el halago que pudiera representar el aumento de su sueldo o la situación económica difícil que la disminución pudiera crearle. Las cortes lo han hecho valer en muchas ocasiones, poniendo de relieve su importancia trascendental para la causa del buen gobierno.

Sin embargo, como toda ley, el precepto de que se trata es sólo aplicable a los casos para los cuales se dictó y estamos convencidos tras un estudio cuidadoso de la propia ley orgánica invocada y de la jurisprudencia que se cita, que no es aplicable a éste que estamos considerando y resolviendo.

Ya hemos dicho que el sueldo del peticionario no se fijó por la ley creadora del cargo, ni por ninguna otra decretada a ese efecto. Constaba sólo asignado en el presupuesto del año en que se le nombró. Por su propia naturaleza las leyes de presupuesto tienen vida limitada y en cuanto a sueldos, la propia Ley Orgánica dispone en su sección 50, según fué enmendada por Ley del Congreso de junio 7, 1924, lo que sigue:

"Con excepción de lo que en contrario se dispone en esta Ley, *los sueldos de todos los funcionarios* de Puerto Rico que no sean nombrados por el Presidente, incluyendo delegados, auxiliares y demás ayudantes, *serán fijados* y pagados de las rentas de Puerto Rico *según de tiempo en tiempo determinare* la Asamblea Legislativa de Puerto Rico y aprobare el Gobernador; y si la Asamblea Legislativa dejare de hacer una asignación para dichos sueldos, los sueldos anteriormente fijados se pagarán sin necesidad de nuevas asignaciones para ello." Itálicas nuestras.

Y así el nombramiento del demandante de acuerdo con las leyes vigentes en relación con el mismo, se hizo por el término de diez años y con el sueldo que de tiempo en tiempo determinara la Asamblea Legislativa y aprobara el Gobernador.

Si otra hubiera sido la intención del Legislador, hubiese fijado los sueldos de los jueces en la propia Ley núm. 58 de 1930, y entonces sí que hubiera estado el caso cubierto por el párrafo 13 del artículo 34 de la Ley Orgánica. Estimó que durante un período de diez años podrían ocurrir oscilaciones económicas que exigieran aumentos o disminuciones y prefirió limitarse a dar a los cargos judiciales mayor estabilidad extendiendo el período del nombramiento de cuatro a diez años, reservándose el poder flexible de la fijación del sueldo de cuando en cuando de acuerdo con las necesidades de los tiempos.

No hay la más leve indicación de que la disminución decretada obedeciera a fines contrarios al pensamiento generador de la limitación constitucional invocada. No lo fué para

el juez demandante en particular, ni para los jueces como clase. Se extendió a todos los funcionarios de Puerto Rico y tuvo por fundamento la difícil situación económica por la que la isla atravesaba.

*Debe revocarse la sentencia recurrida y dictarse otra declarando la demanda sin lugar.*