Nicolás Durand, demandante y apelado, *v.* Hon. Rafael Sancho Bonet, Tesorero de Puerto Rico y Hon. Leslie A. Mac Leod, Auditor de Puerto Rico, demandados y apelantes.

Núm. 7441.—*Sometido:* Diciembre 18, 1936. *Resuelto:* Febrero 17, 1937.

*Hon. Procurador General B. Fernández García* y *E. de Aldrey, Subprocurador,* abogados de los apelantes; *A. Quirós Méndez,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En 1930 la Legislatura creó una corte de distrito para el distrito de Bayamón y dispuso lo relativo al nombramiento de un juez y de otros funcionarios con determinados sueldos fijos, incluyendo un secretario con $2,400. Durand fué designado secretario y desempeñó el cargo hasta el 31 de julio de 1935. La Legislatura asignó para cada uno de los años fiscales 1932–33 a 1935–36, inclusive, algo menos de los $2,400 especificados en la ley de 1930.

Los demandados apelan de una sentencia adversa dictada en un recurso de *mandamus* y sostienen:

"1.—La Corte de Distrito de San Juan erró al resolver que de conformidad con las disposiciones contenidas en el párrafo 13 de la sección 34 de la Ley Orgánica de Puerto Rico, la Legislatura de Puerto Rico no tenía autoridad ni facultad alguna para asignar en presupuesto un sueldo distinto al que fijaba la Ley núm. 57 de 1930 por la cual se creaba el cargo de Secretario de la Corte de Distrito de Bayamón.

"2.—La Corte de Distrito de San Juan erró al resolver que los demandados debían satisfacer al demandante, de cualesquiera fondos no destinados a otras atenciones, la suma de $857 en concepto de sueldos dejados de pagar a éste como Secretario de la Corte de Distrito de Bayamón."

El segundo señalamiento, conforme ha sido desarrollado en el alegato de los apelantes, debe prevalecer o caer en unión al primero.

Ambas partes citan el caso de *Arjona* v. *Winship*, 49 D.P.R. 53. Véase también el caso número 3136, que lleva el mismo título, resuelto durante el término de octubre de 1936, en que la Corte de Circuito de Apelaciones, por opinión emitida con fecha 5 de enero de 1937, confirmó la sentencia de este tribunal (87 F. (2d) 205).

La parte pertinente del párrafo 13 de la sección 34 de la Carta Orgánica dispone:

"Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento. . ."

El argumento de los apelantes es substancialmente así: que el negarle a la Legislatura poder para aumentar o disminuir el sueldo del demandante conferiría a éste un privilegio no disfrutado por otros funcionarios, incluyendo aquéllos que ocupan idénticos cargos en las demás cortes insulares, por la razón de que la rebaja de sueldos fué una medida general de economía que afectaba la remuneración de todos los funcionarios públicos; que la fijación del sueldo del secretario en la ley especial de 1930 fué un mero incidente a la creación del cargo y de la corte y que no fué la intención

de la Legislatura que el mismo continuara intacto, no obstante el hecho de que los sueldos de otros funcionarios públicos designados en el proyecto pudieran estar sujetos a fluctuaciones.

Los apelantes se basan en·el caso de *Torres* v. *Board of Commissioners,* 65 P. 181, al efecto de que no existía prohibición constitucional alguna prohibiendo los aumentos generales de sueldos. Lo que la corte de Nuevo Méjico resolvió definitivamente figura en los sumarios de dicho caso en 65 P. 181, así:

"1.—Las cortes de Nuevo Méjico tienen facultad para determinar la constitucionalidad de una ley de la legislatura territorial.

"2.—Se resolvió que el capítulo 34 de las leyes de 1899 es inconstitucional y nulo."

El penúltimo párrafo de la opinión en que descansan los apelantes, y que no ha sido incluído en el sumario, lee:

"No hay contención alguna por parte del demandado en el recurso de error de que la ley de marzo 11, 1899, de la legislatura territorial, arriba mencionada, no infrinja las disposiciones de la ley del Congreso de julio 30, 1886, supra. La ley de marzo 1, 1899, no parece estar sujeta a la misma crítica, por ser ella efectiva en todos los condados del territorio y el aumento uniforme. Por lo menos la parte demandada en el recurso de error no hace objeción alguna a la misma."

No podemos convenir con la corte de Nuevo Méjico si tuvo el propósito de decidir, más bien que asumir para los fines de su opinión, que una disposición constitucional semejante a la nuestra no prohibe un aumento o rebaja uniforme en los sueldos de todos los funcionarios públicos o de un gran número de funcionarios públicos de la misma categoría o de diversas categorías.

En el caso de Arjona este tribunal, al final de su opinión dice, *arguendo,* lo siguiente:

"No hay la más leve indicación de que la disminución decretada obedeciera a fines contrarios al pensamiento generador de la limitación constitucional invocada. No lo fué para el juez demandante en

particular, ni para los jueces como clase. Se extendió a todos los funcionarios de Puerto Rico y tuvo por fundamento la difícil situación económica por que la isla atravesaba.''

En un caso en que la disposición constitucional era claramente inaplicable convenía muy bien indicar para fundamentar su razonamiento que el fin legislativo no había sido mancillado por el peligro que el Congreso, con la redacción del párrafo 13, supra, había intentado suprimir. De ello no se desprende que un precepto que viole una prohibición constitucional sea constitucional meramente porque el motivo de la Legislatura sea laudable o porque la ley fuera de naturaleza general y uniforme en su aplicación o fuese adoptada como medida de economía para hacer frente a una situación inusitada. El objeto de una disposición constitucional es una cosa. Los medios a través de los cuales se logra ese objeto es otra. Cuando el contexto es ambiguo o está sujeto a interpretación, el objeto o fin de una disposición constitucional puede ser muy importante. Cuando, como ocurre en el presente caso, las palabras usadas son enteramente claras, no hay lugar a interpretación.

No podemos convenir con los apelantes en que el negar autoridad al poder legislativo para rebajar el sueldo al demandante confiera a éste un privilegio especial. De ser cierto que el demandante disfruta de un privilegio no otorgado a aquéllos que desempeñan idénticos cargos en otras cortes de distrito, tal resultado dimana de la ley de la Legislatura al fijarle determinado sueldo anual en vez de fijarle un sueldo cuya cuantía debía ser especificada de año en año, como en el caso de Arjona. Hay que presumir que la Legislatura intentó hacer lo que hizo y que lo realizó con pleno conocimiento de la restricción existente en sus facultades. Sea ello como fuere, la cuestión que ante nos pende no es una que tenga que ver con la intención de la Legislatura al fijar el sueldo, sino una relativa al poder de la Legislatura para modificar dicho sueldo después de haberse nombrado al peticionario. La prohibición contenida en el párrafo 13,

supra, es incondicional, y la cuestión relativa al poder de la Legislatura, luego de haberse designado un funcionario, para modificar el sueldo anual previamente especificado, nada tiene que ver con la intención legislativa existente al momento en que el sueldo fué así fijado.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino.