Luis Samalea Iglesias, peticionario y apelado, *v.* Blanton Winship, Gobernador de Puerto Rico, Leslie A. MacLeod, Rafael Sancho Bonet y Benigno Fernández García, Auditor, Tesorero y Procurador General de Puerto Rico, respectivamente, demandados y apelantes.

Núm. 7483.—*Sometido:* Marzo 15, 1937. *Resuelto:* Abril 9, 1937.

*Hon. Procurador. General B. Fernández García, Emilio de Aldrey, Subprocurador,* abogados de los apelantes; *F. Ponsa Feliú,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El cargo de Juez de Distrito de Bayamón se originó bajo las disposiciones expresas de la Ley núm. 57 de abril 28, 1930 (Leyes de ese año, pág. 415). Esta ley fijó al cargo un término de cuatro años y un sueldo anual de $5,000. En 29 de abril de 1930 la Legislatura aprobó la Ley núm. 58 (Leyes de ese año, pág. 419), la cual prescribía que los cargos de jueces de las cortes de distrito de Puerto Rico serían desempeñados por jueces nombrados por un término de diez años. Declaró vacante el cargo de cada uno de los jueces e hizo que tal disposición empezara a regir a los noventa días después de su aprobación.

El peticionario en este caso, Luis Samalea Iglesias, recibió un nombramiento de receso el 29 de julio de 1930 y en marzo 16, 1931, fué designado por un término de diez años con el consejo y consentimiento del Senado. Su sueldo fué rebajado posteriormente en dos ocasiones, a saber, por la Ley núm. 40 de mayo 13, 1932 (Leyes de 1931–1932, pág. 299), y por la Ley núm. 59 de mayo 15, 1933 (pág. 399). La cuestión precisa a resolver por este tribunal es si esas rebajas fueron válidas a tenor del contexto del párrafo 13 del artículo 34 de la Carta Orgánica, que lee así:

"Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo."

El recurso de apelación que está pendiente ante este tribunal fué interpuesto contra una sentencia declaratoria dictada a favor del peticionario, que decretó que las rebajas en cuestión eran nulas e ineficaces. El apelado ha radicado una moción para desestimar el recurso por frívolo.

De esta ligera relación del caso pueden hacerse inmediatamente varias conclusiones. Una de ellas es que la Ley núm. 57, supra, creó el distrito judicial de Bayamón, dispuso el nombramiento de un juez y de otros funcionarios y fijó el término y sueldo del juez. No hay duda alguna de que cualquier persona designada para el cargo de juez de distrito de Bayamón el día o después del día en que el proyecto se convirtió en ley, hubiera tomado posesión del mismo a tenor de los preceptos de ese estatuto especial.

Llegamos entonces al efecto de la Ley núm. 58, supra. Los apelantes sostienen que la ley posterior derogó la núm. 57 en lo que se refería al cargo de juez de distrito de Bayamón y que cuando el peticionario fué designado permanentemente su sueldo fué fijado por el presupuesto y por consiguiente podía rebajarse de año en año, según se resolvió en el caso de *Arjona* v. *Winship,* 49 D.P.R. 53.

No podemos convenir con los apelantes. La Ley núm. 57 era completa y creó un nuevo distrito judicial. La Ley núm. 58 se limitó expresamente a decir "que el cargo de juez de las cortes de distrito de Puerto Rico sea desempeñado por jueces nombrados por el término de diez años; proveyendo para su nombramiento y destitución, y declarando *vacantes* los cargos de juez de cada una de las cortes de distrito de Puerto Rico, y para otros fines." Esto, a nuestro juicio, demuestra que la Legislatura no creaba ni abolía cargos de

jueces de distrito. Meramente los declaraba *vacantes,* lo que de por sí asume la existencia de dichas plazas y su continuación. El *cargc* de juez de distrito de Bayamón fué creado y aún existe a virtud de la Ley núm. 57 de 1930. La Ley núm. 58 meramente fijaba un término distinto.

No hallamos posibilidad de que el sueldo del apelado fuera realmente fijado por el presupuesto. No hay duda alguna de que el sueldo fué fijado por la Ley núm. 57, y el presupuesto meramente fijó una suma en globo para cubrir los sueldos y gastos del distrito judicial de Bayamón. Una vez fijado un sueldo por ley, el hecho de que el presupuesto provea su pago no es determinante.

Por tanto se hace evidente que cuando Luis Samalea Iglesias fué designado juez de la Corte de Distrito de Bayamón el 16 de marzo de 1931, el término del cargo fué fijado en diez años (Ley núm. 58, supra), y su sueldo en $5,000 por la Ley núm. 57, supra. Se desprende que las rebajas que la Legislatura trató de hacer en 1932 y 1933 fueron rebajas hechas con posterioridad a su nombramiento y dentro del término del cargo, y como tales infringían los preceptos de nuestra Carta Orgánica.

El caso de *Durand* v. *Sancho Bonet et al.,* 50 D.P.R. 940, es enteramente aplicable y gobierna el presente recurso. En dicho caso resolvimos:

"No podemos convenir con los apelantes en que el negar autoridad al poder legislativo para rebajar el sueldo al demandante confiera a éste un privilegio especial. De ser cierto que el demandante disfruta de un privilegio no otorgado a aquéllos que desempeñan idénticos cargos en otras cortes de distrito, tal resultado dimana de la ley de la Legislatura al fijarle determinado sueldo anual en vez de fijarle un sueldo cuya cuantía debía ser especificada de año en año, como en el caso de Arjona. Hay que presumir que la Legislatura intentó hacer lo que hizo y que lo realizó con pleno conocimiento de la restricción existente en sus facultades. Sea ello como fuere, la cuestión que ante nos pende no es una que tenga que ver con la intención de la Legislatura al fijar el sueldo, sino una relativa al poder de la Legislatura para modificar dicho sueldo después de haberse nom-

brado al peticionario. La prohibición contenida en el párrafo 13, supra, es incondicional, y la cuestión relativa al poder de la Legislatura, luego de haberse designado un funcionario, para modificar el sueldo anual previamente especificado, nada tiene que ver con la intención legislativa existente al momento en que el sueldo fué así fijado.''

Los apelantes sostienen igualmente que la petición no aduce una causa de acción: (a) porque la Carta Orgánica por disposición expresa no prohibe una rebaja general en igual proporción en los sueldos de todos los empleados del gobierno, y (b) porque la petición menciona rebajas en el sueldo del peticionario, mas deja de alegar expresamente que su sueldo fuera efectivamente rebajado, o que no se le pagara su sueldo completo, o que ninguno de los demandados retuviera ilegalmente parte alguna de su remuneración.

En lo que respecta al apartado (a) la opinión en el caso de Durand, supra, discute la proposición y resuelve suficientemente los argumentos de los apelantes. En lo atinente al apartado (b) hemos examinado la petición y de ella se desprende con bastante claridad que la Legislatura redujo el sueldo del peticionario en dos ocasiones después de su nombramiento. El peticionario en este procedimiento no trata de recobrar aquellas partes de los sueldos que no le fueron pagadas, sino que meramente trata de obtener una determinación judicial sobre la legalidad de las disposiciones legislativas a virtud de las cuales se efectuaron esas rebajas. Alega que su sueldo se redujo y que tales rebajas fueron contrarias a ciertos derechos garantizádosle por la Carta Orgánica. Sostiene además que los demandados insisten en que esas rebajas estatutarias son válidas y por tanto que ha surgido una ''divergencia'' en torno a la interpretación o validez de esos estatutos que deberá ser determinada por la corte de distrito correspondiente.

La sección 2 de la Ley núm. 47, de 1931 (Leyes de ese año, pág. 379), que es la Ley Uniforme de Sentencias Declaratorias de Puerto Rico, dispone:

"Sección 2.—*(Facultad de interpretación, etc.).*—Toda persona interesada en una escritura, testamento, contrato escrito u otros documentos constitutivos de contrato, o cuyos derechos, estado u otras relaciones jurídicas fuesen afectados por un estatuto, ordenanza municipal, contrato o franquicia, podrá obtener la determinación de cualquier divergencia acerca de la interpretación o validez de dichos estatutos, ordenanzas, contrato o franquicia, y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven."

La petición en este caso cae dentro de la disposición legal arriba citada y no hallamos que en las alegaciones del apelado falte nada cuya omisión haría que su petición fuera excepcionable por falta de hechos.

*Debe desestimarse el recurso por frívolo.*

Los Jueces Señores Presidente del Toro y Asociado Hutchison disintieron.*