ENRIQUE PONSA PARÉS, peticionario y apelado, *v.* BLANTON WINSHIP, GOBERNADOR DE PUERTO RICO, LESLIE A. MAC-LEOD, RAFAEL SANCHO BONET y B. FERNÁNDEZ GARCÍA, AUDITOR, TESORERO y PROCURADOR GENERAL DE PUERTO RICO, respectivamente, demandados y apelantes.

Núm. 7491.—*Sometido:* Marzo 9, 1938. *Resuelto:* Diciembre 8, 1938.

*Hon. Procurador General B. Fernández García* y *Emilio de Aldrey, Subprocurador,* abogados de los apelantes; *Ponsa & Riefkohl,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Por una ley (núm. 57) aprobada el 28 de abril de 1930 (Leyes de ese año, pág. 415) la Asamblea Legislativa Insu-

lar creó una nueva corte de distrito y autorizó el nombramiento de un número de funcionarios por un término de cuatro años con determinados sueldos fijos. Entre los funcionarios que se designarían estaba el Fiscal de Distrito con un sueldo de $3,850. Durante años subsiguientes la Asamblea Legislativa asignó cantidades insuficientes para el pago de estos sueldos según los mismos habían sido fijados por la ley de 1930. Ya se ha resuelto que varios de los funcionarios designados a tenor de las disposiciones de dicha ley tienen derecho a la diferencia existente entre las sumas fijadas por la ley de 1930 y las asignadas durante los términos para los cuales dichos funcionarios fueron nombrados. Véanse: *Durand* v. *Sancho Bonet*, 50 D.P.R. 940; *Ponsa Parés* v. *Winship*, 51 D.P.R. 160; *Samalea* v. *Winship*, 51 D.P.R. 240.

Enrique Ponsa Parés fué nombrado en julio 29, 1930 por un término de cuatro años. Poco menos de un año después de expirado su término se le nombró nuevamente con fecha 13 de julio, 1935, para otro término de cuatro años. La Asamblea Legislativa en su sesión ordinaria de 1935 no aprobó una ley de presupuesto. En una sesión extraordinaria que empezó en 25 de junio y terminó el 8 de julio se pasó una ley de presupuesto que proveía que la ley empezaría a regir el primero de julio. Esta ley fué aprobada el 20 de dicho mes. Contenía la siguiente partida:

"Fiscal de distrito_____$3,291.75"

El artículo 34 de la Carta Orgánica dispone lo siguiente:

"Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo."

El mismo artículo en un párrafo anterior también provee que:

". . . Ningún proyecto de ley pasará a ser ley hasta que sea aprobado en cada Cámara en votación por lista (yea-and-nay-vote) por una mayoría de todos los miembros que la componen, y registrado en el libro de actas, y haya sido aprobado por el Gobernador dentro de los diez días siguientes . . . Si cualquier proyecto de ley no fuere devuelto por el Gobernador dentro de diez días (exceptuando los domingos) después de habérsele presentado, pasará a ser ley del mismo modo que si lo hubiera firmado, a menos que la Asamblea Legislativa, levantando sus sesiones, impidiere su devolución siendo en ese caso ley si lo firmare el Gobernador dentro de treinta días después de recibirlo; en caso contrario no será ley."

La corte de distrito resolvió que la ley de presupuesto de 1935 (Ley núm. 32 de 1935 (2) pág. 183) no se había convertido en tal con anterioridad al 13 de julio y que por ende el sueldo del fiscal fijado por la ley de 1930 no había sido rebajado al momento en que se le designó de nuevo para un segundo término de cuatro años. En su consecuencia la corte de distrito también decidió que el peticionario tenía derecho a recibir durante su segundo término el importe total del sueldo tal cual el mismo había sido fijado por la ley de 1930.

El alegato de los apelantes no ataca directamente la certeza de este razonamiento. Simplemente asume, al igual que se hizo en una estipulación radicada ante la corte de distrito, que el sueldo del fiscal fué en realidad rebajado antes de hacerse su segundo nombramiento. Nos inclinamos a convenir con el juez de distrito en que él podía tomar conocimiento judicial de la fecha en que se aprobó el presupuesto y debe admitirse, desde luego, que el proyecto no se convirtió en ley antes de esa fecha. Igualmente debe admitirse que existe mucho peso en el razonamiento a virtud del cual el juez de distrito llegó a la conclusión de que el sueldo del fiscal se había rebajado después de hacerse su segundo nombramiento. Sería bastante fácil decir que el alegato de los apelantes no presenta base satisfactoria alguna para que se llegue a una conclusión contraria y confirmar la sentencia de la corte inferior. No obstante, no podemos convenir con el

Juez de Distrito y con los letrados del apelado en que el peticionario tenía derecho a recibir durante su segundo término el importe total de su sueldo, tal cual éste fué fijado por la ley de 1930.

El espíritu y fin del párrafo décimotercero de la sección 34, supra, son impedir acción legislativa luego de hacerse una nominación o renominación, según sea el caso. En el presente recurso la Asamblea Legislativa actuó con anterioridad a la fecha del segundo nombramiento. Si el proyecto fué aprobado después de julio primero, era, por supuesto, en lo que a dicha fecha se refería, tanto retrospectivo como retroactivo desde el momento de su aprobación. Sin embargo, al tiempo de su aprobación, esta expresión de la voluntad legislativa no era ni retrospectiva ni retroactiva en lo que se refería a la fecha de la renominación del fiscal de distrito. La renominación fué hecha con posterioridad a la fecha en que a tenor de sus disposiciones expresas entraría la ley en vigor y después que el proyecto fué aprobado por ambas cámaras legislativas. Potencial y prácticamente—sujeto tan sólo a la aprobación del Gobernador o a la remota posibilidad de un veto ejecutivo—la Asamblea Legislativa había rebajado el sueldo del fiscal con la disposición específica de que tal rebaja surtiría efecto a partir del 1°. de julio de 1935 y luego se había declarado en receso—todo ello con anterioridad a la renominación del fiscal para un segundo término y mucho después de expirado su primer mandato. Bajo tales circunstancias la aprobación por parte del Gobernador, a nuestro juicio, debe considerarse que se retrotrae a la fecha en que se pasó la ley y decidirse que el sueldo del fiscal se redujo a partir del primero de julio, o sea trece días antes de su renominación.

La corte de distrito también resolvió que la prohibición constitucional es aplicable al cargo más no al incumbente, y que el poder legislativo carecía de facultad para reducir el sueldo del fiscal según el mismo fué fijado por la ley de 1930,

luego de hacerse el primer nombramiento por un término de cuatro años, no obstante haber expirado dicho término mucho antes de la fecha en que se hizo tal rebaja y no embargante el hecho de que tal rebaja fué efectuada con antelación a la fecha en que el fiscal fué renominado para un segundo término. No podemos concurrir con este criterio. Lo que el párrafo décimotercero prohibe es que se prorrogue el término de ningún funcionario público o que se aumente o disminuya su sueldo durante el término para el cual fué nombrado, de ser nombrado por un término, no importa cuál sea la regla para aquellos casos en que no existe un término fijo. Véanse: 46 C. J. 1022, sección 255; *Clark* v. *Logan County*, 128 S. W. 1079; *State* v. *Gunter*, 54 So. 283; *State* v. *Farmer*, 196 S. W. 1106; *Matter of Castree* v. *Slingerland*, 139 Misc. 632.

Las otras cuestiones aquí envueltas fueron resueltas el 19 de marzo de 1937 al declararse sin lugar una moción para que se desestimara el presente recurso por frívolo. Véase *Ponsa Parés* v. *Winship*, supra.

*La sentencia apelada debe ser revocada en tanto en cuanto la misma resuelve que el peticionario tenía derecho a recibir el sueldo completo fijádole por la ley de 1930 a partir del primero de julio de 1935, y en todos los demás aspectos dicha sentencia debe ser confirmada.*

Los Jueces Señores Presidente Del Toro y Asociado De Jesús no intervinieron.