Dr. Luis B. de la Vega, demandante y apelante, *v.* Hon. Rafael Sancho Bonet, Tesorero de Puerto Rico et al., demandados y apelados.

Núm. 7821.—*Sometido:* Noviembre 10, 1939. *Resuelto:* Mayo 20, 1940.

*Damián Moserrat, Jr.,* abogado del apelante; *Hon. Procurador General George A. Malcolm (Ex-Procurador General Interino E. Campos del Toro* en el alegato) y *Emilio de Aldrey, Procurador General Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La Ley núm. 81 de 1912 (leyes de ese año, pág. 126), para reorganizar el servicio de sanidad, creó una Junta Insular con facultad para prescribir reglas y reglamentos, y además en su artículo 16 provee:

"La Junta Insular de Sanidad nombrará su secretario y determinará los deberes de éste. Dicho secretario disfrutará un sueldo anual de dos mil cuatrocientos dólares y desempeñará el cargo sin término fijo a voluntad de la Junta."

Bajo la autoridad conferídale por este artículo, la Junta Insular de Sanidad designó en julio 14, 1926, al Dr. Luis B. de la Vega como Secretario de la Junta, y éste tomó posesión del cargo el 23 de julio del mismo año. Posteriormente renunció por razón de una rebaja hecha en su sueldo y radicó una petición de *mandamus* contra el Tesorero y el Auditor para obligarles a que se le pagara el sueldo estipulado al tiempo de hacerse el nombramiento.

En la petición de *mandamus* se alegó además que desde la época en que el peticionario fué nombrado hasta fines del año fiscal 1931, él recibía $2,400 anuales de compensación; que en mayo, 1931, y en el presupuesto para 1931-32, la Asamblea Legislativa de Puerto Rico redujo su sueldo a $1,500; que en mayo 13, 1932, al aprobar el presupuesto para el 1932-33, la Asamblea Legislativa redujo su sueldo a $1,200, rebaja que fué aparentemente sostenida para el siguiente año, y que por la ley de mayo 15, 1934, se redujo su sueldo a $1,140; y que finalmente en 20 de julio de 1935, la Legislatura le redujo su sueldo a $600. El peticionario adujo que el total de estas rebajas ascendía a $5,943.88, y que las mismas violaban la ley especial núm. 81 antes citada y contravenía abiertamente la Carta Orgánica de Puerto Rico. Solicitaba se ordenara al Tesorero y al Auditor de Puerto Rico le pagaran la referida suma de $5,943.88.

El párrafo del artículo 34 de nuestra Carta Orgánica en que se basa el peticionario, dispone:

"Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo."

Hemos tratado cuestiones similares en los siguientes casos: *Arjona* v. *Winship, Gobernador,* 49 D.P.R. 53; *Durand* v. *Sancho Bonet, Tesorero,* 50 D.P.R. 940; *Ponsa Parés* v. *Winship, Gobernador,* 51 D.P.R. 160; y *Samalea* v. *Winship, Gobernador,* 51 D.P.R. 240.

La corte inferior resolvió que el párrafo 13 del artículo 34, supra, era aplicable solamente a aquellos funcionarios públicos nombrados por determinado período de tiempo y con un sueldo fijo.

El apelante señala los siguientes tres errores:

"1. La corte interior cometió error al declarar que la limitación contenida en el párrafo quince de la sección 34 de la Ley Orgánica de Puerto Rico sólo es aplicable a funcionarios públicos nombrados por término y sueldo fijos.

"2. La corte inferior cometió error al declarar que el peticionario no era un funcionario público.

"3. La corte inferior cometió error al no declarar que un estatuto especial no puede modificarse por una ley general de acuerdo con lo que establece nuestra Carta Orgánica."

De la petición no se desprende que el Dr. de la Vega fuera designado por un término fijo. Meramente se le designó Secretario de la Junta Insular de Sanidad. El secretario de una junta pública, nombrado como lo fué el peticionario, no es un funcionario público dentro del significado del artículo 34, supra. El Procurador General cita un número de casos para demostrar esto. *Helvering* v. *Powers,* 55 S. Ct. 171, 293 U. S. 214; *Wetzel* v. *McNutt,* 4 F. Supp. 233; *Winsor* v. *Hunt,* 243 P. 407, 29 Ariz. 504; *Leymel* v. *Johnson,* 288 P. 858, 105 Cal. App. 694; *Kelly* v. *City of Bridgeport,* 151 A. 268, 111 Conn. 667; *Dade County* v. *State,* 116 So. 72, 95 Fla. 465, y *McSween* v. *State Live Stock Sanitary Board of Florida,* 122 So. 239, 97 Fla. 749, 750, 65 A.L.R. 508.

Con las anteriores citas hemos quedado convencidos de que un funcionario público es aquél que está investido de parte de los poderes del soberano y no un individuo cuyos deberes son puramente ministeriales o secretariales, como ocurre con el Secretario de la Junta Insular de Sanidad.

Examinando nuevamente el referido artículo de la Carta Orgánica se puede ver que en él se hace una distinción entre los funcionarios públicos y los empleados, toda vez que en

la última parte de dicho párrafo se prohibe "a ningún funcionario o empleado percibir compensación por más de un cargo o empleo." ██ Igualmente creemos que el hecho anterior de que no se fijara término de duración al cargo es un indicio de que la Asamblea Legislativa podía aumentar o disminuir el sueldo de ese empleado a su voluntad.

██ El tercer señalamiento de error, a nuestro juicio, no necesita ser discutido ampliamente. Una ley especial puede ser modificada por una general, y nada hallamos en la Carta Orgánica que impida tal modificación.

*Debe confirmarse la sentencia apelada.*