Lucas Nazario, peticionario y apelante, *v.* Blanton Winship, Gobernador de Puerto Rico, et als., demandados y apelados.

Núm. 7862.—*Sometido:* Noviembre 10, 1939. *Resuelto:* Mayo 23, 1940.

*Ramón S. Pesquera,* abogado del apelante; *Hon. Procurador General George A. Malcolm (E. Campos del Toro, Ex-Procurador General Interino,* en el alegato) y *Emilio de Aldrey, Procurador General, Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Lucas Nazario, taquígrafo de la Corte de Distrito de Bayamón, instó este recurso para determinar si ciertas disposiciones contenidas en una serie de presupuestos que redujeron el sueldo del peticionario eran constitucionales. El artículo 34 de la Carta Orgánica dispone en su párrafo 13 que: "Con excepción de aquellos casos en que se disponga lo contrario en esta ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento. . .''

La sección 2 de la "Ley para crear la Corte de Distrito del Distrito Judicial de Bayamón, determinar sus funcionarios y asignar los fondos necesarios para las atenciones de la misma", aprobada el 28 de abril, 1930 (Leyes de ese año, págs. 415, 417) autorizó al Gobernador de Puerto Rico, con el consejo y consentimiento del Senado Insular, a nombrar por un período de cuatro años, y hasta que sus sucesores fueran designados "los siguientes funcionarios para dicha corte":

"Un juez, con un sueldo anual de＿＿＿＿＿＿ $5, 000
"Un fiscal de distrito con un sueldo anual de＿＿ 3, 850
"Un taquígrafo para la Corte, con un sueldo
 anual de＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ 1, 452
"Un secretario con un sueldo anual de＿＿＿＿ 2, 400
"Un márshal con un sueldo anual de＿＿＿＿ 2, 400."

La sección 3 autorizó el nombramiento de un taquígrafo por el juez de distrito, de otro taquígrafo por el fiscal, de un subsecretario archivero e intérprete por el secretario, de un primer submárshal y de un segundo submárshal y de un conserje por el márshal, todos ellos con los sueldos allí especificados. La sección 5 proveía:

"En la ley de presupuestos generales de gastos del Gobierno de Puerto Rico, se asignarán todos los años la suma de $21,375 para el pago de los funcionarios y empleados de dicha corte."

La cuestión relativa a si el peticionario es un funcionario público dentro del significado del artículo 34, supra, depende, no de la forma en que se hizo su nombramiento ni del hecho de que él estuviera incluído entre los "funcionarios para dicha corte", ni del "término" por el cual se le nombró, sino más bien de la naturaleza y carácter de los deberes a ser cumplidos por él como "taquígrafo para la corte". Esos deberes no fueron especificados por la ley de 1930, sino por las secciones 3 a 6, inclusives, de la "Ley creando las plazas de taquígrafos-reporters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones," aprobada el 10 de marzo de 1904 (Estatutos Revisados de 1911, secciones 1279–1282). Éstas leen así:

"Sección 3.—Dichos taquígrafos deberán tomar correctamente en taquigrafía todos los procedimientos orales que ocurran en dichos tribunales y las declaraciones tomadas en todos los casos que se vean ante dichos tribunales; mas las partes, con el consentimiento del juez, pueden renunciar al derecho de que dicho taquígrafo tome en taquigrafía cualquiera de dichos procedimientos o declaraciones.

"Sección 4.—El taquígrafo entregará los records y notas tomadas por él al secretario de la corte de distrito del distrito en que las notas fueron tomadas y celebrado el juicio.

"Sección 5.—Será deber del taquígrafo, al ser requerido por el *Attorney General,* el fiscal de distrito, o por cualquier persona parte en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (records), o de cualquier parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorario por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse como costas de la causa a la parte vencida en juicio; *Disponiéndose,* que cuando la referida copia sea requerida a nombre del Pueblo de Puerto Rico o por un acusado en una causa criminal, o su abogado, en los casos en que después de una convicción el acusado en una causa criminal pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de

su pobreza de pagar por la referida copia, requerida como queda dicho, por él o por su abogado, el taquígrafo expedirá gratis tales copias. Y en todos los casos civiles en que una persona parte en la acción presente una declaración jurada donde conste estar imposibilitada para satisfacer las costas requeridas por la ley, dicha persona tendrá derecho a los servicios gratuitos del taquígrafo del tribunal. en los mismos términos en que éste presta sus servicios a los pobres indigentes en las causas criminales y los derechos del taquígrafo se incluirán en las costas cuando fueren impuestas a la parte que pudiera pagarlas. Dicha copia del récord constituirá prima facie del acta del juicio y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revisión o apelación del mismo, en los casos en que el acta del tribunal sea necesaria.

"Sección 6.—Será deber del taquígrafo entregar dicha copia dentro de treinta días, a partir de la fecha en que ha sido solicitada, a menos que la corte prorrogue dicho plazo que nunca excederá de otros treinta días."

El juez de distrito en su relación del caso y opinión, cita con aprobación la opinión emitida por una Corte de Apelaciones del Estado de Tejas en el caso de *Robertson* v. *Ellis County*, 84 S. W. 1097, 1098, así:

". . . . La ley que autoriza el nombramiento de taquígrafos oficiales dispone que éstos serán nombrados por los jueces de las cortes de distrito, y declara que serán funcionarios juramentados de la corte y que conservarán sus cargos a voluntad del tribunal, y además que el fin de tal nombramiento es preservar los autos (record) de todos los casos para información de la corte, del jurado y de las partes, y con tal fin, 'será deber del taquígrafo oficial asistir a todas las sesiones del tribunal; tomar notas taquigráficas completas de la prueba oral en todo caso que se juzgue ante la corte, así como de todas las objeciones a la admisibilidad de evidencia, las resoluciones de la corte sobre las mismas y todas las excepciones a dichas resoluciones; preservar todas las notas oficiales tomadas en dicha corte para uso o referencia futuros y suministrar a cualquier persona una transcripción de toda o parte de dicha evidencia o de cualesquiera otros procedimientos, previo pago a él de la correspondiente compensación,' etc. ¿Confiere la ley al taquígrafo alguna función soberana de gobierno? Creemos que no. Existe una diferencia muy marcada entre funcionario público y empleado público. Conforme dijo el Juez Presidente Marshall, 'Aunque un funcionario es un empleado, de ello no se des-

prende que todo empleado es un funcionario.' El Sr. Mechem, en su obra sobre funcionarios públicos, dice: 'La característica más importante que distingue al funcionario del empleado es que la creación del cargo y la designación del funcionario envuelve la delegación al individuo de algunas de las funciones soberanas del Gobierno, a ser ejercitadas por él en beneficio del público; que parte de la soberanía del país, ya sea legislativa, ejecutiva o judicial está depositada en el funcionario en el entretanto, para ser ejercida en beneficio del público. A menos que los poderes conferidos sean de esta naturaleza, el individuo no es un funcionario público.' Ahora bien, aunque el hecho de que el cargo de taquígrafo se designa en la ley que lo crea como 'funcionario' y que ésta declara que la persona llamada a desempeñar sus deberes 'será un funcionario juramentado de la corte, ofrece motivos para que se le considere como tal, sin embargo, se cree que el puesto no posee ninguna de las funciones soberanas del poder judicial del Gobierno de que forma parte, para que se le distinga de un mero empleado que desempeña una clase de servicio, bajo la autoridad pública, para ayuda y conveniencia de la corte y de las partes litigantes, y que no envuelve discreción o criterio judiciales. La creación del cargo, conforme demuestra el contexto mismo de la ley, no se hizo con otro objeto que el de designar a una persona que tomara en taquigrafía la prueba oral ofrecida y los otros procedimientos que envolvieran las objeciones que se hicieran a la admisibilidad de la misma, las resoluciones de la corte y las excepciones a ellas, como sistema de preservar todo ello tal cual surgían, sin demorar los juicios, y para que fuera transcrita y entregada a la corte y a las partes litigantes y las ayudara en la preparación rápida y eficaz de los autos. La transcripción de los procedimientos hecha por el taquígrafo no es obligatoria, sin embargo, para la corte, y puede ser adoptada o rechazada a discreción del juez. Ninguno de los actos que el taquígrafo está autorizado a realizar es independiente del dominio de otros, o se deposita en él como poder supremo a ser ejercitado como derecho o prerrogativa de un funcionario judicial. Llegamos a la conclusión de que si bien un taquígrafo, bajo el estatuto de este Estado, puede ser, en cierto sentido, un funcionario y el período de su nombramiento puede ser mayor de dos años, no obstante, entre los poderes conferidos al individuo que desempeña el cargo no está incluída aquella función soberana de gobierno que le haga caer dentro del significado de la palabra 'funcionario' tal cual la misma es usada en el artículo citado de la Constitución.''

Véase también *De la Vega* v. *Sancho Bonet,* ante, pág. 753, y los casos en él citados.

El apelante se funda en los casos de *De la Rosa* v. *Winship,* 47 D.P.R. 330; *Martínez* v. *Junta,* 43 D.P.R. 413; *Saurí & Subirá* v. *Sepúlveda,* 25 D.P.R. 242; *Coll* v. *Leake,* 17 D.P.R. 857; *Pueblo* v. *Foote,* 48 D.P.R. 492; *Samalea* v. *Winship,* 51 D.P.R. 240; *Durand* v. *Sancho Bonet,* 50 D.P.R. 940; *James* v. *Barry,* 138 Ky. 656; *State* v. *Porter,* 57 Mo. 343; *State* v. *Board of Com'rs. of Sierra County,* 29 N. M. 209; *Felk* v. *St. Louis,* 250 Mo. 116; *McGovern* v. *Mitchell* (Conn.) 63 Atl. 433; *United States* v. *Fisher,* 109 U. S. 143; 33 C. J. 953; 46 C. J. 1020; 22 R. C. L. 533, y *James* v. *Cammack,* 129 S. W. 582.

En las autoridades anteriores no encontramos razón satisfactoria para revocar la sentencia de la corte de distrito.

En su alegato el apelante invoca, sin cita de autoridades, el párrafo 9 del artículo 34 de la Carta Orgánica. La cuestión así planteada será discutida y resuelta en el caso de *Ugarte* v. *Mac Leod,* infra, en el que las partes citan autoridades en pro y en contra.

*Debe confirmarse la sentencia apelada.*