Governor Richard D. Lamm Office of the Governor 136 State Capitol Building Denver, Colorado 80203
Dear Governor Lamm:
QUESTION PRESENTED AND CONCLUSION
This is in response to your request of September 9, 1975 as to whether authority exists to permit the Governor to reduce expenditures below the levels authorized?
 It is my opinion that authority exists to permit the Governor to reduce expenditures below the levels authorized when you have determined that appropriations will exceed revenue for a fiscal year.
ANALYSIS
Art. X, § 16 of the Colorado Constitution provides that no appropriation shall be made or expenditure authorized unless there is sufficient revenue to pay such appropriation or expenditure. This provision has been implemented by several statutes. C.R.S. 1973, 24-30-303 places responsibility for the executive budget in the Governor and provides again that "(p)roposed expenditures in the budget shall not exceed estimated moneys available." Section 24-30-306 provides that the Governor has the "final authority and decision in all matters relating to the executive budget," and section 24-30-303 authorizes the Governor to administer the budget after the legislature has reviewed and modified it.§ 24-2-102(4) directly addresses the question which you raise and states in relevant part:
 If, during any fiscal period, there are not sufficient revenues available for expenditure during such period to carry on the functions of the state government and to support its agencies and institutions and such fact is made to appear to the governor, in the exercise of his discretion, by executive order, he may suspend or discontinue, in whole or in part, the functions or services of any department, board, bureau, or agency of the state government.
This section further provides that such action by the Governor shall be effective for a period not exceeding three months.
The Colorado Supreme Court has interpreted the constitutional provision cited above as imposing responsibility on the executive branch as well as on the legislature. Thus, in In Re Appropriations, 13 Colo. 316, 22 P. 464
(1889), the court emphasized the executive's duty to prevent expenditures in excess of revenues. The court observed:
 If legislative acts making appropriations in excess of constitutional limits have unfortunately received the governor's signature instead of his veto, he should nevertheless withhold his approval from any and all vouchers relating to such unconstitutional appropriations.
13 Colo. at 326.
In Henderson v. People, 17 Colo. 587, 31 P. 334 (1892), the court upheld the refusal of the auditor to pay out monies when revenues were insufficient. The court held that "it is the duty of every public officer connected with the administration of the state finances to treat as void each and every appropriation in excess of unconstitutional limits."17 Colo. at 591. Similarly, an opinion of the Attorney General (No. 319, issued December 27, 1937) advised the Treasurer that he could prorate appropriations when anticipated revenues proved insufficient to cover all appropriations.
The Colorado Supreme Court interpreted what is now C.R.S. 1973, 24-2-102(4) in Getty v. Gaffy, 96 Colo. 454, 44 P.2d 506 (1935), and upheld the suspension of a state employee pursuant to that section. The court characterized section 24-2-102(4) as "an economy measure, calculated to work reformation in the use and expenditure of public funds."96 Colo. at 458. The court further commented that the Governor's determination that revenues were insufficient was not reviewable by the court. Id.
The prohibition on the state's incurring any debt must be examined in light of the existence of a surplus of state funds carried over from year to year. It is my opinion that there may be insufficient revenue for purposes of the Governor's exercise of statutory power despite the existence of a surplus. Section 24-2-102(4) indicates that when, "during any fiscal year, there are not sufficient revenues" the Governor may cut expenditures. A technical reading of the statute limits the Governor's consideration of sufficiency of revenues to "any fiscal period," precluding the consideration of surplus carry-over funds. However, the statute should not be read to prevent expenditures from surplus funds when revenues are not sufficient. Such a prohibition would allow the accumulation of surplus funds which could never be spent. When a statute has two possible constructions, one which will harmonize the entire act and one which will create discord between provisions, a court should adopt the former.People v. Rapini, 107 Colo. 363, 112 P.2d 551 (1941).
SUMMARY
Therefore, I conclude that, if you have determined from the facts available to you that revenues for this fiscal year are not adequate to meet the total amount appropriated, you have the authority to reduce expenditures below the levels appropriated.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
EXECUTIVE BRANCH
APPROPRIATIONS
FISCAL YEAR

C.R.S. 1973, 24-30-303 C.R.S. 1973, 24-30-306 C.R.S. 1973, 24-2-102(4)
Colo. Const. art. X, § 16
GOVERNOR, OFFICE OF
Administration
LEGISLATIVE BRANCH
General Assembly

The Governor has authority to reduce expenditures below the levels authorized when he has determined that appropriations will exceed revenue for a given fiscal year.